BELLAMY V. WASHITA VALLEY TELEPHONE CO. *et al.*

No. 93.    Opinion Filed November 9, 1909.

(105 Pac. 340.)

**COSTS—Parties Liable—Receivership.** Where, on final hearing, it is decreed by the court that plaintiff take nothing by his suit; that, in effect. the appointment of the receiver was wrongful; that he be discharged and the property in controversy restored to defendants—held that the court did not err in the exercise of its discretion in taxing plaintiff with the costs of the receivership.

(Syllabus by the Court.)

*Error from District Court, Canadian County; C. F. Irwin, Judge.*

Action by George W. Bellamy against the Washita Valley Telephone Company and others. From a judgment for defendants, plaintiff brings error. Affirmed.

*E. E. Blake,* for plaintiff in error.—Citing: *Frick v. Fritz,* 124 Iowa, 428; *Lamon v. Niles,* 13 Pac. 417; *Hembree v. Dawson,* 23 Pac. 264.

*Dale, Bierer & Hegler,* for defendants in error.—Citing: Wilson's Rev. & Ann. St., secs. 583-585; *Frick v. Fritz, supra;* Beach on Receivers, sec. 773; *McAnrow v. Martin* (Ill.) 56 N. E. 168; *Howe v. Jones* (Iowa) 23 N. W. 376-378; *Verplanck v. Insurance Co.,* 2 Paige (N. Y.) 438; *Moyers v. Coiner,* 22 Fla. 422; *Myres v. Frankenthal,* 55 Ill. App. 390; *Railway Co. v. Wear,* 135 Mo. 230.

TURNER, J. On February 27, 1905, George W. Bellamy, plaintiff in error, plaintiff below, sued the Washita Valley Telephone Company, J. C. Harrell, C. I. Petty, E. A. Harrell, F. H. Wright, G. H. Rowley, H. L. Rowley, and R. D. Reynolds, defendants in error, defendants below, in the district court of Canadian county, and in his petition states, substantially, that he is a stockholder in the defendant company. That J. C. Harrel, E. A. Harrel, and C. I. Petty are pretended stockholders, and as such assume to act as officers therein. That they have taken possession of the properties thereof, and deny plaintiff, as stockholder and president, access to its books and records. That said defendants are dissipating the earnings and profits of said company in the way of expenses and salaries to themselves, and prays for a receiver of the properties, franchise, rights, books, and accounts of said company. That the rights of all defendants except said F. H. Wright in the stock of said company be determined, and that its affairs be wound up and said corporation dissolved. On the same day notice was served on defendant F. H. Wright, as vice president of said company, and, after answer filed pursuant thereto on March 4, 1905, the judge of said court, at the time and place mentioned in said notice, heard the application of said plaintiff, and appointed a receiver according to the prayer of his petition, who qualified and took possession of the property of the company, and entered upon the discharge of his duties as such receiver. That thereafter defendants, not disclaiming, filed a motion to vacate said appointment, which said motion was thereafter, on June 20, 1905, heard and by the court overruled. That thereafter said receiver made report to the court of his trust, and on December 27, 1905, on his petition was by the court allowed $25 per month as a provisional allowance, and thereafter continued to act as receiver until November 26, 1906, at which time the cause came on for a final hearing upon its merits, on which said day, after the same was fully heard by the court, in substance, it ordered that plaintiff take nothing by his suit; that said receiver be discharged; that the property of said company be restored to defendants; and that plaintiff pay

all costs—from which said order (and its modification made and entered April 13, 1907), after motion for a new trial filed and overruled, plaintiff appealed, and the only error assigned is that the court erred in taxing plaintiff with the costs of the receivership. There is no error in this case.

On a hearing on the merits the court, in effect, found that plaintiff had unwarrantably procured the appointment of the receiver, and should therefore in all fairness pay the expenses of the receivership. This the court sitting as a chancellor had a right to do in the exercise of its sound legal discretion in the taxation of costs, and that, too, independent of statute. With this discretion we will not interfere, unless it clearly appears that the same has been abused. And into said alleged abuse we cannot inquire, as the testimony on the hearing is not before us. That the court had a right to make the order is clear. 23 Am. & Eng. Enc. of Law, 1107, says:

"So, also, where a party unwarrantably and improperly obtains the appointment of a receiver, the party procuring such appointment has been held liable to pay the entire expense of the receivership"—citing authorities.

In *St. L., K. & S. Ry. Co. v. Wear,* 135 Mo. 230, 36 S. W. 357, 658, 33 L. R. A. 341, the court said:

"Where the order appointing a receiver is adjudged to be unauthorized, the receiver is not entitled to compensation from the funds coming into his hands by virtue of the order."

In *McAnrow v. Martin,* 183 Ill. 467, 56 N. E. 168, the court states the rule thus:

"If the order appointing a receiver is revoked, and he is directed to return the property to the persons entitled thereto, his compensation, as a general thing, will not be paid out of the funds placed in his hands. When the appointment of the receiver is upon an application adverse to the defendant in the cause, and is without authority of law, the receiver must look for his fees and compensation to the complainant in the suit, upon whose application he was appointed. So, when a receiver obtains possession of money or property under an order which is afterwards reversed on appeal, and he is required to restore the money to the person entitled thereto, he cannot claim compensation out of the funds

in his hands, but must look therefor to the party who secured his appointment. *Weston v. Watts,* 45 Hun (N. Y.) 219; *French v. Gifford,* 31 Iowa, 428; *Verplanck v. Insurance Co.,* 2 Paige (N. Y.) 438; *Radford v. Folsom,* 55 Iowa, 276, 7 N. W. 604."

In *Frick v. Fritz,* 124 Iowa, 529, 100 N. W. 513, the court, after stating the general rule, in substance, to be that the expenses of the receivership should be satisfied out of the property coming into the hands of the receiver lays down the well-recognized exception thus:

"But where the right of the plaintiff to subject the property for which he seeks to have a receiver appointed to the payment of his claim is resisted from the beginning, and the effect of the appointment of a receiver is to subject to the control of such receiver property in which the plaintiff is, as the result of the litigation, found to have had no interest or right whatever, it would evidently be manifestly unjust that, after determination of the cause against the plaintiff, he should be allowed to have the expenses of the receivership, which he has occasioned by his unfounded claim, and from which the opposite party derives no benefits, satisfied out of the property itself. Such a result would be inequitable, for it would throw upon defendant the burden of litigation instituted by plaintiff without right."

See, also, Beech on Receivers, § 773; *Howe et al. v. Jones,* 66 Iowa, 156, 23 N. W. 376; *Moyers v. Coiner,* 22 Fla. 422; *Myres v. Frankenthal,* 55 Ill. App. 390; *Weston v. Watts,* 40 Hun, 219; *Lockhart v. Gee,* 3 Tenn. Ch. 332.

But, independent of anything we have said, as Wilson's Rev. & Ann. St. 1903, c. 66, art. 23 § 585 (section 4783), gives the trial court while sitting as a chancellor a very wide discretion on the taxation of costs, which said discretion we do not think the court has in this instance in any wise abused, we see no reason why the order of the lower court should not be affirmed, and it is so ordered.

All the Justices concur.