Note.—See under (1) 7 C. J. p. 620, §286; p. 642, §327. (2) 4 C. J. p. 1050, §3032; 7 C. J. p. 619, §286; anno. 3 L. R. A. (N. S.) 1167; 3 R. C. L. p. 611. (3) 38 Cyc. p. 1711; 2 L. R. A. (N. S.) 309; 14 R. C. L. p. 752 et seq.; 3 R. C. L. Supp. p. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 829. (4) 3 C. J. p. 926, §818.

---

## ILLINOIS REFINING CO. v. ILLINOIS OIL CO.

No. 17499. Opinion Filed Jan. 10, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

1. **Appeal and Error—Affidavits on Appeal not Considered Where not Part of Record and Merely Cumulative Evidence.**

Affidavits, not a part of the record proper, which are merely accumulative to and tend to strengthen defendant's evidence on issues tried in the court below, will not be considered on appeal.

2. **Receivers—Power of Court to Appoint Receiver for Insolvent Foreign Corporation at Suit of Creditor Before Judgment.**

District courts have jurisdiction to appoint receivers of the assets of insolvent foreign corporations at the suit of a creditor on account before judgment on verified application alleging such insolvency and that there is imminent danger of plaintiff's claim being lost.

3. **Insolvency—Definition.**

Insolvency, when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business.

4. **Judgment Sustained.**

Evidence examined, and held, the judg-ment and order of the trial court is not against the clear weight of the evidence.

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Illinois Oil Company against Illinois Refining Company and Kawfield Oil Company, on open account and for the appointment of a receiver. From an order and judgment overruling application to vacate an order appointing a receiver for the assets of the Illinois Refining Company, the latter appeals. Affirmed.

Mason, Honnold & Harper, for plaintiff in error.

Wilcox & Swank, Arrington & Evans and Christy Russell, for defendant in error.

JEFFREY, C. This was an action by the Illinois Oil Company against the Illinois Refining Company and the Kawfield Oil Company in the district court of Payne county, Okla. The petition was filed on May 1, 1926, in which it was alleged that the defendant Illinois Refining Company was indebted to plaintiff on account in the sum of $14,914.-97; that the defendant was insolvent, and indebted to various parties in the state of Oklahoma to the approximate amount of $75,000, and that the assets of said corporation amount to less than said sum; and that unless a receiver be appointed to take charge of said assets, plaintiff was in danger of losing its claim; then asked for judgment for the amount claimed, and for a receiver for the property of said defendant within this state. All three parties are foreign corporations, being chartered in the state of Illinois, but authorized to do business in this state, and practically all of the assets of the Illinois Refining Company are situate in this state. A hearing was had on the petition for the appointment of a receiver, and a great deal of testimony was taken. At the conclusion thereof the court made an order appointing one F. H. McGuire of Guthrie, Okla., as receiver of the court to take charge of the estate and effects belonging to the defendant Illinois Refining Company within the state of Oklahoma, and to do various things incident and necessary to a proper administration of said estate; but provided that said receiver should not in any manner interfere with the suit then pending involving the Illinois Oil Company, Illinois Refining Company, and the Kawfield Oil Company, until the further order of the court. An application was filed by the Illinois Refining Company to vacate the order of appointment, which was overruled, and from

which order the Illinois Refining Company has appealed.

After said cause was at issue in this court, defendant, with leave of court, filed a motion asking that certain affidavits, attached to said motion, be considered together with the record and evidence contained therein. Plaintiff filed its motion to strike defendant's motion and affidavits. Defendant contends that the purpose of said affidavits is to show that by subsequent events the grounds relied on by plaintiff for the appointment of a receiver have become wholly moot and nonexistent. The affidavits set out facts showing the financial condition of defendant at the date they were made, which tends to show that certain indebtedness has been paid; that the outstanding bills, which are undisputed, amount to only about $7,000; that the net income is approximately $2,000 per month; that defendant in another action obtained a judgment against plaintiff for the sum of $20,287, which cause is now pending on appeal and undecided; and that defendant has two other suits pending in Rock Island county, Ill., against plaintiff for large sums of money. This is all merely cumulative to the evidence offered at the receivership hearing. The principal issue at that hearing was whether or not defendant was insolvent. Ordinarily, this court will only consider such evidence as is a part of the record proper. It is true that this court will consider affidavits which are not a part of the record to show that the issues in a cause have become moot. The affidavits in this case bear directly upon the issues considered by the trial court, and only tend to strengthen defendant's evidence, which was given at the hearing. They do not tend to show that any issue has become moot, but do show that the issues as tried below are still very much controverted. Tardy's Smith on Receivers (2nd Ed.) at page 2170, gives the rule as follows:

"On an appeal from an order of appointment, the scope of the review will be limited to the proceedings upon which it was based, and not upon subsequent proceedings tending to validate it." Hobson v. Pacific States Merc. Co. (Cal.) 89 Pac. 866; Bibby v. Dieter, 15 Cal. App. 45, 113 Pac. 874.

We conclude that the affidavits are not entitled to be considered as evidence, and plaintiff's motion to strike said affidavits is hereby sustained.

Defendant's first assignment of error challenges the court's right and jurisdiction to appoint a receiver for a foreign corporation. However, counsel for defendant, by reply brief, admits that a receiver may be appointed by the trial court of the assets of such foreign corporation located within this state, on an application setting up proper grounds when sustained by the proof. We have examined carefully the petition and the order of appointment, and we think that the order of appointment will admit of no other interpretation than that the receiver was appointed to take charge of only the assets of defendant company located within the state of Oklahoma. In view of the record and counsel's admission, no further consideration need be given this question.

The next assignment of error relied on is that the order and judgment of the court in denying and overruling the motion to vacate the order appointing a receiver is contrary to law and constitutes an abuse of discretion. This assignment raises the question as to whether or not plaintiff pleaded and proved proper grounds for the appointment of the receiver. That part of section 518, C. O. S. 1921, applicable here, is as follows:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or in the absence of said judges from the county, by the county judge:

"Fifth. In the cases provided in this Code, and by special statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"Sixth. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

Paragraph 5 of 60-1201, Rev. Stats. of Kansas is identical with paragraph 5 of sec. 518, C. O. S. 1921, above quoted. In the case of Emmett State Bank v. Emmett Farmer's Union, etc., Co. (Kan.) 227 Pac. 257, it was contended that the statute gives no authority for the appointment of a receiver, where no judgment had been obtained, and where the action was for the recovery of money only on promissory notes. The court answered this contention in the following language:

"Under the circumstances, the appointment of a receiver to preserve the assets of the defendant for the benefit of all the creditors was proper. The allegations of plaintiff's application that the defendant was insolvent were sufficient to give the court jurisdiction to make the appointment. R. S. 60-1201, par. 5. The receiver was appointed because of the admitted insolvency of the defendant. It was proper to preserve

the assets of the defendant for the benefit of all the creditors."

34 Cyc. 90, gives the rule as follows:

"Where the statute declares that a receiver may be appointed for a corporation which is insolvent, the appointment may be justified at the instance of the general creditor without judgment, no other conditions than those prescribed by the statute being necessary, and the doctrine that where there is a complete and adequate remedy at law a receiver should not be appointed does not apply."

We are now confronted with the question, What constitutes insolvency as applied to a corporation engaged in trade? This question was before this court in the case of Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 Pac. 285. It was there held that, aside from section 4068, C. O. S. 1921, insolvency, when applied to a person, firm or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business. This definition was again held applicable in the case of Parker v. First National Bank of Muldrow, 95 Okla. 70, 220 Pac. 39. See, also, United States v. Oklahoma, 262 U. S. 253, 67 L. Ed. 638.

On the question of insolvency, which is the only ground for the appointment of a receiver substantially supported by plaintiff's evidence, there is much conflict in the evidence. Plaintiff's evidence showed that all the property was owned jointly by the defendant and the Kawfield Oil Company, a one-third interest belonging to the Kawfield Oil Company and two-thirds to the defendant; that the assets of defendant consisted of a number of oil and gas leases in Payne, Creek and Seminole counties; that there were about 26 wells producing oil on these leases, with a total daily production of about 128 barrels; and that a number of wells which had formerly produced oil had been abandoned. Plaintiff's evidence further showed that the wildcat lease and undrilled locations were of little or of no value; the reasonable value of defendant's asset ranged from $42,000 to $70,000; and that there were claims by creditors against defendant in the approximate amount of $101,000, on a great many of which suit had been filed. Defendant denies that its indebtedness amounts to the sum above stated, but claims that its just debts do not exceed approximately $22,000. Witnesses for defendant testified that the reasonable value of its assets range from $400,000 to $900,000, much of which values are admitted to be purely speculative, and others, from the very nature of things,

appearing to be speculative; and that the salvage value alone amounts to at least $90,000. Certain facts are reasonably well established and uncontroverted. The whole case shows that the only income which defendant has, except some extra equipment which may be sold, is two-thirds of the oil produced, which amounts to approximately $3,450 per month, and $480 from the sale of casing-head gasoline, making a total of approximately $3,900 per month; that the expenses, including operative and administrative, for the month of April, 1926, amounted to approximately $2,274. These expenses do not include a number of items, which must necessarily be charged, such as counsel fees in the numerous lawsuits, general manager's salary and expenses, and bookkeeper and accountant's salary. All of the wells had been producing for several years, and several of them were down to one or two barrels per day. The evidence shows that the production is decreasing ten per cent. per annum, and that it does not now pay to operate some of the lighter wells.

Defendant contends that it is not insolvent, and that it had during a period of about seven weeks reduced its indebtedness about $11,000, and has a considerable sum in its bank account. It appears that some of the reduction claimed did not consist in payment of accounts, but merely correction of errors in book accounts. In addition to the income from oil and gasoline during the month of April, it appears that some surplus casing was sold for approximately $7,000. There were certain undeveloped leases owned by defendant and claimed to have a considerable value by witnesses for defendant. One of the witnesses for plaintiff, who was formerly an official of defendant company, testified that they could not have been sold for anything. On April 16, 1926, defendant filed a verified petition in the district court of Creek county, asking for the appointment of a receiver of the Kawfield Oil Company. This petition alleged that the entire interest of the Kawfield Oil Company did not exceed $50,000. If the allegations of that petition are true, defendant's assets could not exceed in value $100,000, since the Kawfield Oil Company owned one-third of all properties held by defendant. If any substantial portion of the indebtedness claimed against defendant is established, there would be no hopes of paying said indebtedness from the income from oil and gas from the wells now being operated, and the evidence indicates that the probabilities of getting any more production are very slight. The evidence certainly shows that

defendant is unable to pay its debts as they become due in the usual course of business. In fact, it appears from the whole of the evidence, that defendant may be insolvent in the sense that its liabilities exceed its assets.

The pleadings and evidence show that since the organization of defendant company, one F. P. Welch, who is president of plaintiff company, was the largest stockholder in defendant company; that he was a director and treasurer of defendant until March 20, 1926, when the stockholders elected a new board, who in turn placed the affairs of the company in the hands of a new management. Defendant contends that prior to the reorganization, Welch had almost complete control of defendant company, and managed its business so as to unfairly secure a profit to himself and his associates; that since he has been ousted from its management, he has harassed and hampered the new management with a view of again securing control of the company's affairs; and that Welch caused this suit, as well as others, to be filed in furtherance of this purpose. We see nothing in the evidence which tends to support defendant's contention as to the purpose of filing and prosecuting this action. It is undisputed that defendant was denying liability on plaintiff's claim, and those of associated companies, on which suits had been commenced; that it was paying other creditors, and even selling some of the corpus of its assets in order to make payments to other creditors. Plaintiff offered no evidence of mismanagement on the part of the new management, and whether the officers of plaintiff company might be hampering or embarrassing the management would be immaterial.

We are of the opinion that plaintiff brought itself within the statutory provision authorizing the appointment of a receiver, and has shown that it is reasonably probable that it will succeed in establishing its rights to recover on the account sued on; and that the trial court did not abuse its discretion in appointing the receiver.

The next and last assignment is that the alleged grounds for the appointment of a receiver are not sustained by the evidence. In an equity proceeding the Supreme Court will weigh the evidence, but the judgment of the trial court will not be disturbed where it is not against the clear weight of the evidence. In view of the foregoing brief summary of the evidence, we find that the judgment and order of the court appointing the receiver is not against the clear weight of the evidence.

The judgment and order of the trial court in overruling the motion to vacate the order appointing the receiver is therefore affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 558, §2366. (2) 14a C. J. p. 1339, §4046; 23 R. C. L. p. 25. (3) 32 C. J. p. 806, §1; 14 R. C. L. p. 628; 4 R. C. L. Supp. p. 827. (4) 4 C. J. p. 877, §2853.