## 110

Merrick & Whipple, O. C. Essman, and Joseph J. Rosenbloom, for plaintiffs in error.

John L. Maynard, for defendant in error Spurrier Lumber Company.

L. A. Wallace, for defendant in error Kennedy & Sebring.

HEFNER, J.   On May 16, 1925, Johnson & Ashe, Inc., became the owner of an oil and gas lease on 100 acres of land located in Muskogee county.   Thereafter, Gowland & Bauer, a partnership, acquired an interest in the lease.   On June 29, 1925, Johnson & Ashe and Gowland & Bauer entered into a contract with Shaffer Oil & Refining Company whereby it was agreed the oil company would furnish Johnson & Ashe and Gowland & Bauer the sum of $12,000 for the purpose of completing a well on the lease to the Wilcox sand.   It was provided in the contract that if upon completion of the well it should prove to be dry, all equipment should be and remain the property of Johnson & Ashe and Gowland & Bauer, and they were obligated under the contract at their expense to pull the casing and plug the hole.   The well was dry.   Thereafter, Johnson & Ashe entered into a contract with its copartners, Gowland & Bauer, whereby it was agreed that Gowland & Bauer should pull the casing and plug the hole and Johnson & Ashe were to lend them $2,000 for this purpose and they were to secure the loan by a chattel mortgage on the casing.   The loan was made and the chattel mortgage executed, but Gowland & Bauer failed to pull the casing and plug the hole.   Johnson & Ashe then brought suit against them to foreclose the mortgage, in which action they made J. A. Kennedy and M. H. Sebring, copartners, and Spurrier Lumber Company, who claimed materialmen's liens against the casing, parties defendant.

Plaintiff in its action asked for the appointment of a receiver and that the receiver be authorized to pull the casing, sell it, and plug the hole.   The court granted this request.   The receiver was appointed and in compliance with the order of appointment pulled the casing, sold it, and plugged the hole.   The casing was sold for the sum of $800.   The cost of pulling and plugging the hole was $946.43.   Defendants Kennedy and Sebring and Spurrier Lumber Company claimed materialmen's liens against the casing superior to plaintiff's mortgage.

These liens were not contested by plaintiff, and at the trial it was stipulated that the liens of these defendants were superior to plaintiff's mortgage.   These liens in the aggregate, together with interest and attorney fees, amounted to $250.   The trial court entered judgment in their favor accordingly and directed the receiver to pay their claims out of the funds in his hands.

It is the contention of plaintiff that because the casing did not sell for enough to pay the cost of pulling and plugging the hole, the materialmen were not entitled to the payment of their claims and that the funds should have been used to defray expenses of the receiver.   Plaintiff cites numerous authorities announcing the general rule that where a receiver is properly appointed the expenses incurred by him in administrating the estate should be paid out of funds in his hands in preference to other claims.

In 23 R. C. L. 106, the following rule is announced:

"* * * It may be stated as a general rule, however, that where there is no question as to the legality or propriety of the appointment of the receiver, the receiver's compensation and expenses are payable from the funds in his hands, no part thereof being taxable against the party at whose instance the receiver was appointed."

The rule is the reverse where the receiver is improvidently appointed.   In the case of

Anderson v. Marietta Nat. Bank, 93 Okla. 241, 220 Pac. 883, this court said:

"The second assignment of error urged, pertaining to the taxing of the cost and the expense of the receivership against the plaintiff in error, this, we think, was within the discretion of the court. The court was evidently of the opinion that the receiver had been improvidently appointed, and that the party who brought about the appointment should be held responsible for the cost incurred. This is not an abuse of the court's discretion, and finding no material error, the judgment of the lower court is affirmed."

See, also: Bellamy v. Washita Valley Telephone Co., 25 Okla. 18, 105 Pac. 340; Fulp v. McCray, 21 Fed. (2d) 951.

The trial court evidently arrived at the conclusion that the receiver was improvidently appointed and that plaintiff was not entitled to charge the expense of pulling the casing and plugging the hole against the fund in the hands of receiver. With this conclusion we are inclined to agree. It was the duty of plaintiff and its partners, under the contract, to pull the casing and plug the hole. It was its duty under the law to see that the hole was plugged. It could not shift this duty by the appointment of a receiver and charge the cost thereof as an expense of administration to the prejudice of the lien claimants.

Judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., and RILEY, J., absent.

No. 19889. Opinion Filed May 12, 1931.

Rehearing Denied June 30, 1931.