**MENAGER v. EXCHANGE NAT. BANK of TULSA et al.**

No. 22067. Opinion Filed June 7, 1932.

Rehearing Denied Oct. 18, 1932.

Stuart, Coakley & Doerner, Eben L. Taylor, and F. A. Bodovitz, for plaintiff in error.

Chas. A. Steele and Chas. E. Bush, for defendants in error.

RILEY, J. This is an appeal from an order refusing to vacate the appointment of a receiver. The appointment sought to be vacated was that of John Rogers made July 30, 1930, for the Superior Oil Corporation. The basis for the original order of appointment was the verified petition on the part of the Exchange National Bank of Tulsa and Exchange National Company. This petition, as amended, set forth a cause of action as against the Superior Oil Corporation, upon an interest in a $500,000 promissory note executed and delivered by the Superior Oil Corporation to Naphen & Company, Incorporated, and given as collateral to plaintiffs to secure the payment of a $250,000 note which had been given by Naphen & Company to plaintiffs. Naphen & Company had obtained the $500,000 note from the Superior Oil Corporation in an alleged transaction involving Mexican land and oil interest therein. The Naphen & Company note was due May 30, 1930. The Superior Oil Corporation's note was dated April 30, 1930, and due three months after date. The latter note was due the day upon which the action for receivership was filed. On the previous day the Superior Oil Corporation, by the action of its president, Mr. Perry, notified the Exchange National Bank by letter that the Superior Oil Corporation was unable to pay the $500,000 note which the bank held as security. There was a general appearance, waiver of notice, and consent to the appointment of a receiver, by the Superior Oil Corporation executed by E. R. Perry, chairman of its board.

F. P. Menager, a movant for discharge

of the receiver, entered the cause on November 5, 1930. By his pleading he shows himself to be a stockholder in the Superior Oil Corporation. He asserts the necessity of a defense on the part of the Superior Oil Corporation to resist the collection of its note. He pleads that it is futile to expect the directors of the Superior Oil Corporation to defend, and points out that they have already confessed liability on their note. He pleads the appointment of a receiver for the Superior Oil Corporation by the United States District Court for the Northern District of Oklahoma as a result of a suit instituted by stockholders. He prays that the assets now held by John Rogers, receiver, be delivered to the federal receiver.

Menager contends that the order appointing John Rogers receiver is void in that the Exchange National Bank was not a legal holder or owner of the Superior Oil Corporation's note; that said note was not in default at the time of the appointment of the receiver; that the consent to appointment of receiver given by directors of the Superior Oil Corporation was fraudulent and collusive, and that the note, the basis of the action, is void on account of being given without consideration and received by the Exchange National Bank with knowledge of such defect.

We have considered the seven propositions presented for reversal of the order refusing to vacate the appointment. It is noted that in plaintiff in error's reply brief he says:

"We most earnestly assert that a receiver for the Superior Oil Corporation is necessary for the protection of the stockholders of that corporation."

The inevitable conclusion is that a receivership for the Superior Oil Corporation was fit and proper. It seems that plaintiff in error's desire is that the receivership be authorized by the federal rather than the state court, and this on account of a contended existence of fraud and collusion between the parties. Sufficient grounds for the appointment of a receiver were alleged by the plaintiff below, admitted to exist by the directors of the Superior Oil Corporation, and found to be by the court in its order appointing a receiver. The statutes of Oklahoma confer the power upon the district court to appoint a receiver for a corporation which is "insolvent, or in imminent danger of insolvency * * * in all cases where receivers have heretofore been appointed by the usages of the courts of equity." Section 518, C. O. S. 1921.

The statute declares a debtor to be insolvent "when he is unable to pay his debts from his own means as they become due." Section 4068, C. O. S. 1921.

"A creditor without a judgment may maintain an action for a receiver. Illinois Refg. Co. v. Illinois Oil Co., 130 Okla. 27, 264 P. 904." Superior Oil Corp. v. Matlock (C. C. A.) 47 F. (2d) 993, 995.

The plaintiff in error is apprehensive of an unjust judgment on the note executed and delivered by the Superior Oil Corporation to Naphen & Company, but no judgment has been rendered upon that note, and we must assume that the trial court will see to it that every doubtful claim against the corporation is defended, and that it will be ever mindful that the receiver is but an arm of the court and subject to its direction; that stockholders will be permitted to assist in defense and prosecution of the corporation's lawsuits; that stockholders and creditors will be afforded an opportunity to be heard upon matters affecting the interest of the corporation for which the receiver was appointed.

The appointment of the receiver subsequently made in the federal court was prosecuted to the Circuit Court of Appeals of the Tenth Circuit, and there the appointment was vacated. Superior Oil Corp. v. E. Stewart Matlock, 47 Fed. (2d) 993. Therein it was held that: "There is no wrong in plaintiffs diligently seeking a court of their own choosing."

The order and judgment of the district court is affirmed.

CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER and SWINDALL, JJ., absent.

Note.—See under (2) annotation in 5 L. R. A. 765; 22 L. R. A. 808; 7 R. C. L. 745, 746; R. C. L. 628.