**STATE ex rel. BARNETT, Bank Com'r, v. CREEK REALTY CO. et al.**

No. 24641.     Sept. 26, 1933.

Rehearing Denied March 6, 1934.

Glenn O. Young, for plaintiff in error.

E. A. Ellinghausen and Darrough & Foster, for defendants in error.

McNEILL, J. This is an appeal from the judgment of the district court of Creek county refusing to appoint a receiver for the Creek Realty Company, a corporation, being one of the defendants. The parties will be referred to as they appear in the trial court.

It appears that the plaintiff, the state of Oklahoma ex rel. W. J. Barnett, Bank Commissioner, by and on behalf of the Drumright State Bank, an insolvent banking corporation, instituted a suit against the Creek Realty Company, John W. Briggs, Aaron Drumright, Arthur O'Dell, J. G. Bennett, and R. C. Achtermann, to recover an indebtedness evidenced by a promissory note dated March 23, 1932, payable 90 days after date for the sum of $12,500, signed by the Creek Realty Company, with interest and an attorney's fee, and another note in the sum of $533.34, being an accrued interest note, with interest and an attorney's fee. The petition contains the following allegation relative to the appointment of a receiver:

"Plaintiff for further cause of action alleges and states: That the defendant, Creek Realty Company, is hopelessly insolvent and in a failing condition; that it is necessary that a receiver be appointed to take charge of and conserve and care for the same, pending the final determination of this action for the benefit of the stockholders and of your creditor."

There is no allegation of insolvency in the petition against any of the other defendants, and plaintiff prays judgment against all of the defendants for the amount due on said note, interest, attorney's fees, and costs.

The hearing was had on the application for a receiver on the 20th day of March, 1933, prior to the case being at issue. The case was determined upon plaintiff's testimony; the court sustained a demurrer thereto; and the only ground alleged or attempted to be proved for the appointment of a receiver was the insolvency of the Creek Realty Company. Plaintiff contends that the evidence is adequate and sufficient to support the cause of action for the appointment of a receiver; that the Creek Realty Company was insolvent; that insolvency alone was sufficient to justify the appointment of a receiver; that where the evidence is undisputed on this question, there is no occasion for the exercise of judicial discretion.

On the other hand, it is the contention of the defendants that the appointment or refusal to appoint a receiver is largely a matter within the legal discretion of the trial court; that insolvency alone is not ordinarily a ground for the appointment of a receiver; that, as a general rule, the court will refuse to appoint a receiver unless some other ground exists; that the trial court did not abuse its discretionary power in finding that the Creek Realty Company was not insolvent, and by reason thereof refused to appoint a receiver; that even though the Creek Realty Company was insolvent, and such insolvency was a sufficient ground for the appointment of a receiver, and it was mandatory upon the trial court to appoint a receiver and the district court abused its discretion in failing to appoint a receiver for the Creek Realty Company, yet; said defendants urge, that it was incumbent upon plaintiff to show that all the parties against whom a judgment was sought should be shown to be insolvent before receiver could be appointed.

The paramount question apparently concerns the insolvency of the Creek Realty Company, a corporation, and the mandatory duty of the trial court to appoint a receiver when such insolvency exists.

We have examined the evidence in this case, and conclude that the Creek Realty Company was an insolvent corporation at the time of the hearing before the trial court.

In the case of Illinois Refining Co. v. Illinois Oil Co., 130 Okla. 27, 264 P. 904, this court said:

" 'Insolvency,' when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business."

Section 773, O. S. 1931, in reference to the

appointment of a receiver under the fifth provision thereof, provides as follows:

"Fifth. In the cases provided in this Code, and by special statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights."

Tardy-Smith on Receivers, sec. 17, p. 58, states as follows:

"Insolvency is, however, most frequently one of several reasons for the appointment of a receiver, but insolvency as a ground for the appointment of a receiver is predicated upon the general doctrine of probable loss. Hence, there must be coupled with an allegation of insolvency additional allegations showing the plaintiff's right of recovery or probability of recovery, and that such recovery will be wholly or substantially lost or impaired by reason of insolvency.

See, also, Fletcher's Encyclopedia on Corporations, vol. 8, sec. 525.

In the case of Gila Water Co. v. Witbeck, 29 Fed. (2d) 175, it was said:

"Insolvency of corporation does not ordinarily constitute independent ground for the appointment of a receiver at the instance of a stockholder, if by insolvency is meant bankruptcy, since in such case the stockholder is without substantial interest."

We are of the opinion that insolvency alone does not justify the court to appoint a receiver; that all the facts and circumstances should be considered by the trial court in appointing or refusing to appoint a receiver.

In the case at bar, there is nothing to indicate that any of the funds or assets of the Creek Realty Company are being dissipated and that it is not applying the income from its assets to the liquidation of its indebtedness. The court should be cautious and hesitate to use its strong arm in a harsh and drastic remedy for the appointment of a receiver in any case when no material advantage can be obtained. Under the record, we are of the opinion that the trial court did not abuse its discretion in refusing to appoint a receiver.

Judgment affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., absent.