## GRANT DRILLING CO. v. REBOLD et al.

No. 27729. Dec. 14, 1937.

Rehearing Denied Jan. 18, 1938.

Steele & Boatman and W. L. Murphy, for plaintiff in error.

R. M. Cavanaugh and W. J. Peterson, for defendants in error.

HURST, J. This is an appeal from an order overruling a motion to vacate the appointment of a receiver of the Grant Drilling Company, a corporation. The action was filed by George A. Rebold to recover

the sum of $1,478. The plaintiff alleged in his petition that the Grant Drilling Company owed him that sum, that the corporation was insolvent, that its property and assets were being scattered and mismanaged and were being used by the officers of the company for their private benefit, and for said reasons the plaintiff asked for the appointment of a receiver. John H. Rebold was made a defendant, and he filed an answer and cross-petition admitting the allegations of plaintiff's petition and joining in the request for a receiver. The application for the appointment of receiver was tried November 13, 1936, and the court appointed a receiver, who qualified on November 16th. On January 5, 1937, the Grant Drilling Company filed its motion to vacate the order appointing the receiver. The plaintiff objected to the hearing of said motion on the ground that the court was without jurisdiction to hear the same for the reason that the motion was filed more than 30 days after the receiver was appointed. The court overruled this motion, and, after a hearing was had, entered judgment denying the application to vacate the appointment of the receiver, and from that order this appeal was taken.

The plaintiff filed a motion to dismiss this appeal for the reason that the lower court was without jurisdiction to hear the motion to vacate because the same was not filed within 30 days after the order was made appointing the receiver. This motion was dismissed, but was renewed and argued in the plaintiff's brief.

Section 780, O. S. 1931, as amended by article 1, ch. 3, sec. 1, Sess. L. 1935, provides:

"In all cases in the district or superior court, in which a receiver is appointed, or refused, the party aggrieved may, within 30 days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, without waiting the final determination of such cause. * * *"

It will be seen that the statute requires an appeal within 30 days from an order (1) refusing to appoint a receiver, or (2) refusing to vacate the appointment of a receiver. Plaintiff's argument is that, inasmuch as the statute requires an appeal within 30 days when the court refuses to appoint a receiver, it does not contemplate a longer period in cases of appointment, which could be affected by a delay in filing a motion to vacate. The reason given is that a delay for months or years in filing the motion to vacate the appointment, with the possibility of setting aside the receivership, would hamper business transactions with the receiver during that time. But the language of the statute is clear and unambiguous (Robinson v. Miracle [1930] 146 Okla. 31, 293 P. 211), and there are no words therein which could be construed to limit the time within which the motion to vacate the appointment of a receiver shall be filed. Moreover, in the following cases the motion to vacate the receiver was entertained although filed more than 30 days after the appointment, and no jurisdictional question was raised on that ground. Exchange Trust Co. v. Oklahoma State Bank of Ada (1927) 126 Okla. 193, 259 P. 589; Menager v. Exchange National Bank of Tulsa (1932) 159 Okla. 278, 15 P. (2d) 35. The order appointing a receiver is interlocutory, and the 30 days referred to in the statute has to do only with the time within which an order refusing to appoint or refusing to vacate the appointment of a receiver shall be appealed to this court. For these reasons the court had jurisdiction to entertain the motion to vacate the appointment in this case and the appeal will not be dismissed.

The defendant seeks reversal on the ground that the motion to vacate the appointment of the receiver should have been sustained (1) because a receiver will not be appointed at the instance of a common creditor, and (2) because the evidence does not justify the court in making the appointment.

1. To sustain the first ground the defendant relies on Fleet v. Hooker (1936) 178 Okla. 640, 63 P. (2d) 988. In that case it was held that a simple contract creditor, upon bringing suit against an individual for money judgment and asserting no legal or equitable lien or claim against any specific property of defendant, is not entitled to the appointment of a general receiver over the property of the debtor. But the rule does not apply to actions against a corporation where the appointment of a receiver is specifically authorized by the 5th subdivision of section 773, O. S. 1931, in cases "when a corporation has been dissolved or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." In such cases this court has held that a receiver may be appointed for a corporation at the instance of an unsecured creditor. Illinois Refining Co. v. Illinois Oil Co. (1928) 130 Okla. 27, 264 P. 904; Menager v. Exchange National Bank of Tulsa, supra. The court, in Fleet v. Hooker, supra, pointed out that this pro-

vision relating to corporations is not applicable to the property of an individual, and the case is clearly not in point.

2. The decisive question is whether the judgment refusing to vacate the appointment of the receiver is against the clear weight of the evidence. Under said section 773, the court was justified in appointing the receiver if the evidence was sufficient to find that the Grant Drilling Company was insolvent, or in imminent danger of insolvency. In Illinois Refining Co. v. Illinois Oil Co., supra, in the third paragraph of the syllabus, "insolvency" is defined as follows:

" 'Insolvency', when applied to a person, firm, or corporation engaged in trade, means inability to pay debts as they become due in the usual course of business."

Section 10027, O. S. 1931, is as follows:

"A debtor is insolvent, within the meaning of this chapter, when he is unable to pay his debts from his own means as they become due."

This definition was applied in Menager v. Exchange National Bank of Tulsa, supra.

Applying these rules to the facts in the case, we find the Grant Drilling Company did not produce its books to show the amount of its debts and assets, but evidence was introduced to show that there were five debts aggregating $4,043. The assets consisted of a National drilling machine in McIntosh county of the value of approximately $1,500 to $2,500, some oil standard tools, and other tools widely scattered that could be sold as junk for about $6 per ton. The spudder in Seminole county seems to be the principal asset and had been rented for $350 or $400 per month, but there is evidence to the effect that it was rented in the name of Grant Rebold, and he and not the company was receiving the income therefrom. Further, there was evidence that the machine is wearing out and in need of repair and the income is speculative. There was further testimony that at the time the Grant Drilling Company was organized in 1933 it took over the assets of Rebold & Son of a value of $20,000. It appears, however, that $17,000 of this amount consisted of a debt owing to Rebold & Son from the John H. Rebold Oil Company, its predecessor, which amount has never been collected. After a careful consideration of the evidence, we are unable to say that the trial court abused its discretion in refusing to vacate the appointment of a receiver, and we cannot say that the finding of the trial court that a receiver should be appointed is against the clear weight of the evidence.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and GIBSON, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.