## McBIRNEY v. TANKERSLEY INV. CO. et al.

No. 27839.    Oct. 25, 1938.

Rehearing Denied Jan. 17, 1939.

Felix A. Bodovitz, for plaintiff in error.

Edward M. Box, for defendants in error.

BAYLESS, V. C. J. This is an appeal from the district court of Oklahoma county, and involves the correctness of an order approving the final account of a receiver and directing him to pay his compensation and attorney's fees out of funds in his possession.

February 25, 1936, J. H. McBirney, trustee, filed an action in the district court of Tulsa county to foreclose certain mortgages upon real and personal property situated in that county. At the same time he filed an application for the appointment of a receiver for the properties. Service of process was completed February 27, 1936, and the application was set for hearing on March 18, 1936.

March 16, 1936, Louis H. Pink, Superintendent of Insurance of the State of New York, in his official position and as the holder of a promissory note owned by an insurance company in the process of liquidation, filed an action in the district court of Oklahoma county against the defendants in the action above mentioned to recover judgment upon the note. The note was unsecured. After pleading a cause of action on the note, the plaintiff then made allegations with respect to the insolvency of the defendants, and prayed for judgment on the note and for the appointment of a receiver. An officer of the defendant corporation was served with summons the same day, and on that day the defendants appeared in court and a receiver was appointed for the property located in Tulsa county. The receiver appointed immediately qualified and went to Tulsa and took possession of the properties.

March 18, 1936, the district court of Tulsa county appointed a receiver for the

properties, but since the Oklahoma county court had theretofore appointed a receiver, the Tulsa county court directed its receiver to apply to the district court of Oklahoma county to discharge the properties from its custody in favor of the Tulsa county receiver.

The Tulsa county receiver filed such an application in the action in Oklahoma county, and on May 5, 1936, the district court of Oklahoma county made a finding:

"The court further finds that the real estate and personal property above described are located and situate in Tulsa county, Oklahoma.

"The court further finds that the district court of Tulsa county, Oklahoma, has exclusive jurisdiction over said assets and properties, and that this court is without jurisdiction over said assets and properties, and for other good cause"

—and made an order directing its receiver to deliver custody of the properties to the Tulsa county receiver.

Thereafter, the Oklahoma county receiver filed his final account and petition for compensation and discharge. The only property in his hands was money representing rent collected off of the properties while they were in his possession. Objections thereto were filed, and the matter was heard at length. The trial judge sustained the objections to certain payments made by the receiver, and the correctness of this is not questioned herein. The trial judge overruled objections made to certain other payments made by the receiver and allowed the receiver and his attorney compensation for their services and directed that this be paid from the funds in possession of the receiver. The trustee excepted to this, and complains of the allowance of credit for such payments and complains of the order for the payment of the compensation out of the funds in the possession of the receiver.

The position of the trustee is that the order of the district court of Oklahoma county appointing the receiver was void for want of power or jurisdiction, and that it was made improvidently. The trustee then argues that under such circumstances no compensation can be allowed which would be paid out of the pledged assets or would be a charge thereupon. The trustee makes plain his position that he has no objection to the allowance of compensation to the receiver, but does object to this compensation being paid from funds upon which he has a prior claim.

We are of the opinion that the district court of Oklahoma county had power and jurisdiction to appoint a receiver in this case. According to Howard v. Duncan, 163 Okla. 142, 21 P.2d 489, jurisdiction depends upon the allegations of the petition. In the petition herein the plaintiff clearly pleaded his simple contract debt and the insolvency of the corporate defendant, with accompanying appropriate allegations for the appointment of a receiver. Under Grant Drilling Co. v. Rebold, 181 Okla. 479, 75 P.2d 172, a receiver may be appointed of an insolvent corporation at the instance of an unsecured creditor. The order appointing the receiver imports a finding of all essentials for such an appointment from evidence offered.

We agree with the district court of Oklahoma county that its receiver should have been directed to turn the real and personal property into the hands of the receiver appointed by the district court of Tulsa county. The action was first filed there, the power of that court to appoint a receiver was first invoked, and the specific property covered by the lien was in that county.

We think the trustee's position that, as between himself and the plaintiff in the action in Oklahoma county, the latter should bear the costs of the receivership in the Oklahoma county case is well taken. At the time the plaintiff in this action filed his petition he knew that an action was pending for the appointment of a receiver in Tulsa county under proper conditions as above pointed out. He brought an officer of the defendant corporation to Oklahoma county so service of process could be made easily, and this officer of the corporation virtually assented to the appointment. This co-operation between the parties and haste on their part immediately in advance of the Tulsa county hearing has all of the earmarks of collusion. Under the circumstances we think the general rule—the rule announced by us in several cases—that a party who improvidently procures the appointment of a receiver should bear the costs should apply here. See 23 R. C. L. 106, sec. 116, note 20: 68 A. L. R. 883, subdivision III, and cases cited; and Bellamy v. Washita Valley Tel. Co., 25 Okla. 18, 105 P. 340, 25 L. R. A. (N. S.) 412; Anderson v. Marietta Nat. Bank, 93 Okla. 241, 220 P. 883, and Johnson & Ashe, Inc., v. Kennedy, 150 Okla. 110, 3 P.2d 668.

The next issue relates to the correctness of the court's ruling with respect to certain

allowances made to the receiver in his final account. The receiver reported that he had paid certain public utilities the charges for gas, water, electricity, and telephone services, which services had been rendered prior to the appointment of the receiver. The trustee objected to allowing credit for these items, because they were paid from funds collected as rents from the property after the appointment of the receiver.

The trustee takes the position that public utilities have no lien for such services as they render, and are only unsecured creditors as to accounts incurred prior to the receivership, and that to permit the payment of these bills would reduce the security pledged for the payment of the liens

The receiver takes the position that these accounts were current operating expenses of the business, and that this court should adopt the rule set out in Sullivan Timber Co. v. Black, 159 Ala. 570, 48 So. 870-876, as follows:

"* * * After a full examination of all the authorities, including textbooks, and the decisions of this court and the courts of other states, and in the light of the aid afforded by the splendid briefs of counsel for the respective parties upon this question, we conclude that it is more just and equitable to leave the whole matter in the sound discretion of the Chancellor, subject to be revised by the appellate court only in case of abuse of the discretion, or where the act of the Chancellor is clearly arbitrary, and not in the proper exercise of the authority vested in him by the statutes and the decisions of this court. * * *"

The trial judge seems to have been greatly impressed with the threats of the utilities to the receiver to cut off their services unless he paid the accounts incurred by those operating the apartments prior to his appointment, and especially was he impressed by the supposition that the utilities possessed the right to carry out these threats.

The general rule is that public utilities are not authorized to refuse service to a receiver unless he pays the bills incurred by those who preceded the receivership. Title G. & T. Co. v. 457 Schenectady Ave., Inc., 260 N. Y. 119, 183 N. E. 198, 86 A. L. R. 347, and the cases cited in the annotation beginning on page 352. The reasons assigned for this rule are (1) that the utilities are not given a lien by law for their services; (2) that to accord them this right would be to prefer them over other unsecured creditors; (3) that to accord them this right would be to prefer them over secured creditors; and (4) that it would interfere with the court's operation of properties and the orders of the courts. For these reasons the general rule seems logical and should be applied herein. There are no special conditions or equities pointed out herein which would justify the application of the rule announced in the Alabama case, supra.

An examination of the record shows that the services covered by the accounts shown in exhibits 9, 10, and 13 were furnished prior to the appointment of the receiver, and, under the general rule approved by us, were not proper charges for the receiver to pay out of the funds in his hands. The receiver seems not to have collected any money from the apartments prior to April 1, 1936. The accounts shown by exhibits 8, 11, and 13 cover days before and after receivership, but apparently all prior to the time the receiver collected any rents from the property. A part of the account covered by exhibit 15 was incurred after the receiver was appointed and also after he had collected rents for a period covered by such services. The account shown by exhibit 18 was all incurred after receivership, and the only objection to it was the inclusion therein of certain so-called personal items. It appears these were stricken.

The trial judge's approval of accounts covered by exhibits 9, 10, and 13 was erroneous. The approval of accounts covered by exhibits 8, 11, 14, 15, 16, and 18 was proper. Although these accounts do include services antedating the receiver, no effort was made to separate the charges therefor from those incurred after the receivership, and there would be no justification for rejecting the entire account because this was not or could not be done.

The amount of the fees allowed the receiver and his attorney are reasonable, but they may not be paid by the receiver from funds in his possession, but must be charged to the plaintiff in the action, at whose behest he was appointed, and the receiver may not be allowed credit for the accounts shown by exhibits 9, 10, and 13. Otherwise the order approving the final account is affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.