FRANKOMA POTTERIES, Inc., v. RETTENMEYER.

No. 31110. March 2, 1943.

Rehearing Denied April 6, 1943.

Application for Leave to File Second Petition for Rehearing Denied April 20, 1943.

*135 P. 2d 977.*

Glenn O. Young, of Sapulpa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

HURST, J. Frankoma Potteries, Inc., a corporation, appeals from an order denying an application to vacate the appointment of a receiver. The material facts are these: The plaintiff, Rosa W. Rettenmeyer, holds a mortgage against certain real estate and the personal property belonging to the corporation to secure a note for $15,000, dated October 14, 1938, and due October 14, 1943. The mortgage contains the usual acceleration clause for failure to pay taxes assessed against the mortgaged property. On June 17, 1942, the plaintiff commenced its action to recover judgment on the note, to foreclose the mortgage securing the same, and for the appointment of a receiver. The receiver was asked because of failure to pay the delinquent taxes assessed against the mortgaged property, alleged to amount to some $1,500, and because the corporation was insolvent and the mortgaged property would not bring in excess of 25 per cent of the indebtedness due plaintiff, and because the personal property would be dissipated unless a receiver was appointed. The petition was duly verified. On the day the case was filed the court, without notice, appointed M. L. Murphy, one of the three members of the board of directors of the corporation and an employee of the plaintiff, as receiver. On July 31, 1942, Murphy filed his resignation as such receiver, and on the same day the plaintiff filed a motion asking that upon the acceptance of the resignation of Murphy as receiver a successor receiver be appointed. On August 3, 1942, there was filed on behalf of the defendant, a motion to discharge the receiver, (a) because he was appointed without notice, (b) because he was not qualified to serve as such receiver, and (c) because irreparable damage would result from his continued service.

The case was set for hearing on August 10, 1942, on said resignation, on the application to appoint a successor receiver, and on the motion to discharge the receiver. At that time evidence was heard on behalf of the plaintiff. The court declined to permit the company to introduce evidence on the theory that the company had entered its appearance

and waived the right to insist that the receiver was improperly appointed because of the failure to give notice. The company asked leave to introduce its evidence and saved its exceptions to the refusal of the court to permit it to do so, and gave notice of appeal. The court thereupon appointed a successor receiver, who qualified. On August 12, 1942, the company filed its alias motion to vacate the receivership and to discharge the successor receiver. This alias motion was set for hearing on August 18, 1942. At that time the plaintiff requested the court to hear the evidence that might be offered by the defendant company, and the court offered to permit the company to introduce its evidence but the company declined to introduce any evidence. The court, thereupon, entered an order denying the alias motion filed by the company, which is the order now under review.

The case has been extensively briefed, but when the contentions are carefully considered only two questions are presented: (1) Did the court commit error, of which defendant can complain, in appointing a receiver in the first instance without notice? and (2) Did the court abuse its discretion in refusing to vacate the appointment of the successor receiver?

In view of our disposition of the second question, we find it unnecessary to decide the first question.

The testimony given on behalf of the plaintiff at the hearing on August 10th is in the records. It appears therefrom that the corporation had been unable to pay its debts as they became due in the regular course of business; that it had been trying to compromise its debts with its creditors for much less than par; that its property was worth less than its debts amounted to; that the value of the mortgaged property is considerably less than the amount of the claims held by the plaintiff; that plaintiff's total claims against the corporation amounted to more than $20,000 and that she offered to take $10,000 for the property in the event that she acquired title by foreclosure, but the president of the corporation was willing

to pay her only $5,000 therefor. This evidence established that the corporation was insolvent. 12 O. S. 1941 § 1551; 24 O. S. 1941 § 32; Grant Drilling Co. v. Rebold, 181 Okla. 479, 75 P. 2d 172. The evidence disclosed that the real estate taxes for three years were delinquent, that the county treasurer had placed in the hands of the sheriff a tax warrant for the collection of delinquent taxes on personal property covered by plaintiff's mortgage, and that taxes due the federal government were delinquent.

Thus it is seen that the evidence of the plaintiff establishes the two grounds for the appointment of a receiver stated in the petition, and found in 12 O. S. 1941 § 1551, subdivisions 2 and 5, and justifying bringing into play the acceleration clause of plaintiff's mortgage.

Under the record, it was the duty of the defendant, when given an opportunity on August 18th to do so, to introduce evidence refuting the evidence by the plaintiff, and establishing the fact that the order appointing the successor receiver should be vacated. This it failed and refused to do.

The motion to discharge the first receiver was based upon grounds other than failure to give notice, which had the effect of waiving the error, if any, in making the appointment without notice. Eason Oil Co. v. Oklahoma City Petroleum Co., 185 Okla. 448, 94 P. 2d 222.

And the error, if any, in refusing to permit the defendant corporation to introduce evidence at the hearing on August 10th was rendered harmless by the subsequent proceedings wherein the defendant was afforded an opportunity to introduce its evidence.

It follows that the court did not commit an abuse of discretion in denying the motion to vacate the appointment of the successor receiver.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.