WOOD et al. v. WOOD et al.

No. 31416.   Jan. 23, 1945.

Rehearing Denied Feb. 27, 1945.

*156 P. 2d 136.*

Howell, Deupree & Debois and Richard R. Linn, all of Oklahoma City, for plaintiffs in error.

Shirk, Gilliland, Ogden, Withington & Shirk and John B. Ogden, all of Oklahoma City, for defendant in error Mary Boyd (Mary B.) Wood.

WELCH, J. The plaintiff, Mary Boyd Wood, brought suit for herself individually, and as executrix of the estate of her deceased husband, Elmer S. Wood. Her theory was that for many years prior to his death her husband and his brother, Fox Wood, operated extensive business interests together as partners and also owned and managed two corp-

orations, Elmer S. and Fox Wood, Inc., and Penn Oil Corporation; that upon death of her husband the brother, Fox Wood, took charge of all properties of the partnership and of both corporations and refused to account to her in any manner, and misappropriated funds and grievously mismanaged the various properties to certain alleged losses and damage or detriment to plaintiff, who claimed to own a one-half interest in all said properties; that the two corporations were insolvent and were becoming more involved as a result of the alleged mismanagement. Plaintiff sought recovery of her alleged interest in properties and an accounting for money due her and property owned by her.

Plaintiff obtained a restraining order to prevent any disposing of property and then applied for the appointment of a receiver pendente lite. After full hearing, a receiver was appointed for both corporations. Thereafter the court overruled motion to vacate the receivership, and this appeal followed.

Defendants seek reversal on two propositions. First, it is urged that the plaintiff neither stated nor proved a cause of action for the appointment of a receiver. On that point we observe that the petition and application for receivership sufficiently contained allegations of plaintiff's theory as briefly outlined above, and her contention that properties were in danger of being lost by failure to pay taxes, and by continual mismanagement, and that there was evidence to support all those allegations. Further than this statement we find it unnecessary to set out at length the pleadings and evidence.

In such a suit for recovery against a corporation, and upon such showing by evidence, the court may appoint a receiver for the defendant corporation, and refusal to vacate receivership will not be reversed unless clearly against the weight of the evidence. Grant Drilling Co. v. Rebold, 181 Okla. 479, 75 P. 2d 172. In such case the granting of an application to appoint a receiver pendente lite rests in the sound judicial discretion of the trial court, whose action therein will not be reversed unless a clear abuse of such discretion is shown. Boynton Gas & Electric Co. v. Mosier, 179 Okla. 232, 65 P. 2d 448.

Upon these principles and in view of the allegations and the evidence presented, we find no reversible error on this proposition.

As a second ground for reversal the defendants assert that the trial court abused its discretion in appointing a receiver for these corporations because the evidence was not sufficient to warrant the granting of this extraordinary relief.

As to that, we find the evidence was sufficient to justify a conclusion of mismanagement, insolvency, and failure to account; and that receivership was necessary to protect the properties from further loss during the pendency of the action. That being true, there was no abuse of discretion.

In argument the defendant attacks plaintiff's suit as being merely a suit for receivership. That is not justified in our view, as plaintiff's suit was for recovery as above outlined, and receivership was merely ancillary, to conserve the properties pending determination of the action on the merits.

Defendants also urge that facts must be pleaded and not mere general allegations, but as we have observed, sufficient facts were alleged and proven. Other specific contentions or argument are made under the two general propositions for reversal above set out, but we deem it unnecessary to deal with them specifically in this opinion.

What we have said above distinguishes this case from decisions cited in the brief in which this court and other courts have in various cases, and for the reasons therein stated, disapproved receivership in the particular case.

We merely hold the trial court here did not abuse his discretion in appointing a receiver to conserve assets and protect from mismanagement and loss

pendente lite, expressing no opinion as to final merits of any claim of plaintiff.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, and CORN, JJ., concur. DAVISON, J., not participating.