977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CRAWFORD ENTERPRISES, INC., Plaintiff-Appellee,
v.
David L. HOWARD, doing business as M & H Gathering, Inc., a
sole proprietorship, Defendant-Appellee,
Eli Masso, Garnishee-Appellant.
 No. 91-5179.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal raises one very limited question. In a prior decision, we remanded this matter to the district court to determine the date on which M & H Gas Gathering, Inc. became insolvent under the equity test enunciated in Oklahoma Moline Plow Co. v. Smith, 139 P. 285, 287 (Okla.1914). The district court determined that the company was insolvent, at a minimum, beginning in May 1982. Garnishee Eli Masso now appeals that decision. We affirm.
 
 
 3
 This is the third time this matter has been before the court. The dispute between these parties began over eight years ago, and involves an effort by Crawford Enterprises, Inc. to recover monies it lost when M & H Gas Gathering, Inc.'s president, David Howard, defaulted on a lease contract. Garnishee-appellant Eli Masso is a former shareholder of M & H. Crawford sued Masso seeking to recover money which Howard transferred to Masso to pay a personal debt. The conveyances were profits attributable to M & H.
 
 
 4
 Crawford asserted claims against Masso under Oklahoma's Fraudulent Conveyance Act and the common law. In an earlier decision, this court determined that Masso is liable to Crawford for any assets transferred to him while M & H was insolvent. See Crawford Enters., Inc. v. Howard, Nos. 86-2119, 86-2667 (10th Cir. June 10, 1988) (Order and Judgment). At this juncture, therefore, the only remaining issue for decision is a determination of when the company became insolvent. This was the only issue presented to the district court for decision on remand.
 
 
 5
 Following a hearing, the district court determined that M & H was never a solvent company under the Oklahoma common law equity test. As a consequence, it determined that Masso is liable to Crawford for all payments Howard made to Masso from M & H funds. The court held Masso indebted to Crawford in the sum of $55,860.71 plus interest. Masso appeals this finding, arguing that the court erred in its application of the equity test. Masso also urges this court to reconsider its prior decisions concerning the liability issue.
 
 
 6
 The district court's finding on the date of insolvency is a factual determination which we review under the clearly erroneous standard. Porter v. Yukon Nat'l Bank, 866 F.2d 355, 358 (10th Cir.1989). A factual finding is not clearly erroneous unless " 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)).
 
 
 7
 The Oklahoma Supreme Court has described insolvency under the equity test as an "inability to pay debts as they become due in the regular course of business." Oklahoma Moline Plow Co., 139 P. at 287; accord Illinois Ref. Co. v. Illinois Oil Co., 264 P. 904, 906 (Okla.1928). On remand, the district court found that the only income M & H had during its entire operating period was the money which Howard ultimately transferred to Masso. M & H had no other income from May 1982 through January 1983.
 
 
 8
 The court also found that M & H had incurred operating debts which ranged from $900 to $40,000 per month. David Howard paid these debts from his own resources. M & H, as a corporate entity, had no ability to pay these production costs. Further, the court found that although Howard attempted to sell the company, he was unable to do so. Based on these facts, the district court found that M & H was unable to pay bills as they became due throughout the time period during which Masso received M & H funds. These findings are not clearly erroneous, and support a finding of insolvency regardless of the Crawford debt.
 
 
 9
 We reject Masso's invitation to reconsider our prior decisions in this case. "The law of the case doctrine posits that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " Mason v. Texaco, Inc., 948 F.2d 1546, 1553 (10th Cir.1991) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)), cert. denied, 112 S.Ct. 1941 (1992). This court has already determined the liability issue in this matter. We will not revisit it.[1]
 
 
 10
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Masso's arguments notwithstanding, we note that the Fraudulent Conveyance Act in effect in Oklahoma during the relevant time period did not require that a debt be existing in order to render the conveyance fraudulent. See Okla.Stat. tit. 24, § 104 (repealed 1986)