GEER v. FINN.

1. RECEIVERS—PENDENTE LITE—ACCOUNTING—DISCRETION OF COURT.
   In a suit for an accounting, appointment of a receiver *pendente lite* and to enjoin the collection by defendant of money on outstanding land contracts on portions of certain real estate purchased, subdivided and improved, where title was taken to the land in defendant's name and the latter claimed that he was the owner of the property and entitled to all the profits arising from the purchase of the land and that a partnership and equal division of profits applied only to the construction of houses upon the land, and the trial court found that plaintiff and defendant were joint owners of all the property, land and houses, and were tenants in common of the land, there was no abuse of discretion in authorizing the appointment of a receiver *pendente lite*.

2. SAME.
   The expenses of a receivership should be borne by defendant where a tenant in common of land purchased for pur-

poses of subdivision, improvement and resale is compelled to file a bill for an accounting, appointment of a receiver *pendente lite* and to enjoin the collection by the other tenant of installments on land contracts and appropriation of them to his own use, and the court finds the equities are with plaintiff.

Cross-appeals from Wayne; Collingwood, J., presiding. Submitted April 11, 1917. (Docket No. 70.) Decided June 1, 1917.

Bill by Harrison Geer against Matthew Finn for the appointment of a receiver *pendente lite* and for an accounting. From a decree awarding compensation to the receiver, both parties appeal. Modified.

*Geer, Williams, Martin & Butler,* for plaintiff.

*Selling & Brand,* for defendant.

The bill of complaint in this case was filed on February 11, 1914, against the defendant Matthew Finn and other nominal defendants, and prayed for an accounting, the appointment of a receiver *pendente lite,* and for an injunction restraining said Matthew Finn and his agents from collecting any money on outstanding land contracts specified in the said bill of complaint. Pursuant to an order to show cause, on February 14, 1914, William H. Hockaday was, by an order of the court, appointed receiver *pendente lite,* and a restraining order was issued as prayed for in the bill. Mr. Hockaday filed a bond in pursuance of the order and entered upon the duties of a receiver thereunder.

The bill filed was one for a partition, and the dispute between the parties arose out of the purchases of certain real estate described as outlots Nos. 17 and 18 in the township of Grosse Pointe, Wayne county, Mich. It is the claim of the plaintiff that, in buying this property and subdividing it into lots, laying out

the streets, constructing the sewers and sidewalks, and building houses on some of the lots, the parties were jointly interested as equal partners. It was the contention of the defendant that Mr. Geer had loaned him one-half the initial cost of the purchase of these two outlots, and that he took the entire title thereto in his own name as security for the money thus advanced, and that the partnership and equal division of profits applied only to the construction of the houses upon the lots, and the profits arising from the purchase of the land themselves belonged to Mr. Finn alone. The case was heard in due course of time upon its merits, and the trial judge, by his decree determined that Mr. Geer and Mr. Finn were joint owners of all the property, land, and houses, and were tenants in common of the land, each owning an undivided one-half interest, and that the improvements on the lots were made by them as tenants in common. The matter was referred by the court to a circuit court commissioner to determine the amount or amounts due. After the report of the commissioner was filed Mr. Geer filed a petition for a division and distribution of the funds in the hands of the receiver and for his removal. The receiver filed an answer, and upon the 23d of October, 1916, the circuit judge allowed the account and determined that the amount asked for by the receiver, $1,000, for his expenses as such, was a reasonable amount, and it should be borne equally by each of the parties to the action. It was from this order that appeals were taken by both parties, the plaintiff claiming that the receiver is entitled to no compensation, or, if to any, that such compensation should be paid by the defendant, Mr. Finn, and it is Mr. Finn's contention that the order appointing the receiver was improvident and unnecessary, but that the amount asked for by the receiver was reasonable, and that it should be paid by the plaintiff.

KUHN, C. J. (*after stating the facts*). We are not
of the opinion that-the appointment of the receiver by
the learned trial judge who made the order was an
abuse of discretion. It was the defendant's claim that
he was the owner of the property and was proceeding
to collect the installments on the contracts and appro-
priating them to his sole use. This claim was found
unjustified by the trial court upon the hearing of the
case upon its merits, and the contention of the plain-
tiff that the property in question was owned by the
parties as tenants in common was fully sustained.
No question is made but that the receiver took posses-
sion of the property, and performed the services that
he did in good faith, acting under the order of the
court. Counsel for the defendant contend that the
allowance made by the court for his services was rea-
sonable, in view of the services performed. The only
question which, in our opinion, it is necessary to de-
cide here, is to determine who, under the circum-
stances, should pay for the expenses of the receiver-
ship.

The rule governing has been thus stated in 34 Cyc.
p. 364:

"Receivership expenses, in the absence of statute,
should in all cases, as between the parties, be adjudged
upon equitable principles."

It appearing that the plaintiff herein was compelled
to file his bill to obtain his rights in the matter, and
the court having found that the equities were with
him and that the allegations in his bill were sustained
by the proofs, we are of the opinion that under such
circumstances the expenses of this receivership should
in equity and justice be borne by the defendant. The
decree determined that the defendant was in the
wrong, and the plaintiff should not now be made to
bear the burden of paying the receiver's fees, when,
by the defendant's unlawful action, it was made nec-

essary to have a receiver appointed. We think that the order of the lower court should be modified, so as to compel the payment of the expenses of the receivership by the defendant Mr. Finn.

A decree will be entered, making the modification suggested, with costs to the plaintiff.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.