Clara COOPER, Appellant,

v.

ROBERT HALL CLOTHES, INC., Appellee.

No. 579S138.

Supreme Court of Indiana.

May 29, 1979.

Wade R. Bosley, Fishburne, Bosley & Schatz, Marion, for appellant.

Merton Stanley, Kokomo, for appellee.

GIVAN, Chief Justice.

The appellee, Robert Hall Clothes, Inc., petitions this Court to transfer this cause and grant relief from an adverse ruling by the Indiana Court of Appeals, Second District. *Cooper v. Robert Hall Clothes, Inc.,* (1978) Ind.App., 375 N.E.2d 1142.

The record reveals that appellant, Clara Cooper, brought a personal injury action for Seventy-Five Thousand Dollars ($75,000) against Robert Hall, Texize, a division of Morton-Norwich Product, Inc. and Superior Maintenance Supply, Inc. Prior to trial Cooper executed a "Release of all Claims" with Texize in return for One Thousand Nine Hundred Ninety Dollars ($1,990) and a similar document with Superior in return for Ten Dollars ($10). The documents released the two defendants, but both documents specifically reserved Cooper's claim against Robert Hall. Each document stated in part:

> "[I] hereby fully and forever release, acquit and discharge the said . . . from any and all actions, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages of whatever nature including consequential damages by me sustained or received on or about the 16th day of December, 1969, as a result of a fall . . . ."

The releases went on to state:

> "This release is expressly intended to release only . . . [Texize or Superior] and is not intended to release Robert Hall Clothes, Inc. from any liability to me on account of any and all known and unknown injuries, losses and/or damages of whatever nature including consequential damages sustained by me on or about December 16, 1969, as a result of a fall at its store premises at 4401 South Western Avenue in Marion, Grant County, Indiana.
>
> "I hereby declare that I fully understand the terms of this settlement; that the amount stated herein is the sole consideration for this release and that I vol-

untarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting from or to result from said accident."

Subsequent to the execution of these two instruments, Texize and Superior were dismissed from the suit. Robert Hall then moved for summary judgment on the ground that the release of Texize and Superior acted to release Robert Hall as a matter of law. This motion was sustained by the trial court. The Court of Appeals reversed the judgment, holding that the releases given Texize and Superior did not release Robert Hall.

■ The issue before this Court is whether the reservation clause was effective to preserve appellant's claim against Robert Hall. The general rule is that the unqualified release of one joint tort-feasor, absent fraud or mistake, acts to release all joint tort-feasors. *Bedwell v. DeBolt*, (1943) 221 Ind. 600, 50 N.E.2d 875; *Scott v. Krueger*, (1972) 151 Ind.App. 479, 280 N.E.2d 336. The Court of Appeals recognized the exceptions to this rule such as the covenant not to sue, the covenant not to execute and the loan-receipt agreement. The Court of Appeals correctly observed that the release in the case at bar did not qualify as any of these exceptions. However, in determining that the release should not act as a release of Robert Hall, the Court of Appeals observed that rather than categorize the release at bar as an additional exception to the general rule, it would be better to abolish the old rule. The Court of Appeals found that the instrument should be construed to effectuate the intent of the parties, and expressly adopted § 885(1) of the Restatement (Second) of Torts:

"EFFECT OF RELEASE OF OR PAYMENT BY ONE OF SEVERAL TORT-FEASORS.

"(1) A valid release of one tortfeasor from liability for a harm, given by the injured person, discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others and, if the re-

lease is embodied in a document, unless such agreement appears in the document."

Robert Hall argues that the Court of Appeals erred in adopting § 885(1) of the Restatement and in abolishing the old rule. We agree and expressly reject the restatement.

■■ A basic difference exists between releases and such instruments as covenants not to sue, covenants not to execute and loan receipt agreements. A release is an abandonment or relinquishment of a claim for damages. Under the law a plaintiff may elect to proceed against any one of several tort-feasors. Covenants not to sue, covenants not to execute and loan receipt agreements are formal statements of such election. See *Parry Manufacturing Company v. Crull*, (1913) 56 Ind.App. 77, 101 N.E. 756.

■ In this light a reservation of a cause of action in a release is inconsistent with the traditional concept of a release. The rule that a release of one joint tort-feasor is a release of all joint tort-feasors evolved from a concern that a plaintiff would be able to obtain a total recovery in excess of his actual injuries by successively obtaining settlements from the various tort-feasors in return for releases. Were it otherwise, the rules of the game would be unfairly slanted in favor of the plaintiff. To permit a plaintiff to expressly reserve his right to proceed against the other joint tort-feasors while giving a release to one would sanction an unwarranted evasion of the rule and undercut the very reason for its existence.

Joint tort-feasors constitute, in a sense, one entity, each of them being jointly and severally liable for injury to the plaintiff. An unequivocal release of one is, as a matter of law, a determination that none of the joint tort-feasors in this "entity" is liable. A reservation clause in the document thus should have no force and effect.

■ Nor should we engage in the patent subterfuge of calling a release a covenant not to sue when the language of the docu-

ment manifests a full and complete release of the tort-feasor. We therefore uphold the validity of the rule that a release of one joint tort-feasor is a release of all, and further hold that a reservation clause in such a release is void as a matter of law.

 In the case at bar, each instrument was denominated as a "Release of all Claims." The purpose clearly was to release Texize and Superior from all liability. The releases stated that Cooper accepted the designated sum voluntarily and in "full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting from or to result from said accident." Unquestionably, the operative impact and intent of the two documents was to release Texize and Superior. Hence, they also release, as a matter of law, the appellee, Robert Hall Clothes.

The Court of Appeals relies on *Wecker v. Kilmer*, (1973) 260 Ind. 198, 294 N.E.2d 132, to suggest that this Court had disapproved the old rule. In *Wecker* a passenger was injured due to the negligence of a driver, and subsequently received aggravation of those injuries through the negligent treatment of a physician. The issue before the Court was whether a release in favor of the driver acted to bar an action against the physician for his negligence. Justice Hunter, writing for the majority, determined that the releasing instrument standing alone did not bar the plaintiff's claim against the physician. He cited the controlling factors as being whether the plaintiff received full satisfaction for his injuries and whether the parties to the release intended it to be in full satisfaction, both of which would require a factual determination beyond the face of the releasing instrument.

*Wecker*, although not inconsistent with the rules enunciated herein, is not controlling in the present case. *Wecker* dealt with independent and successive tort-feasors, not joint tort-feasors. Further, *Wecker* did not deal with a reservation of rights in the releasing instruction. It was a complete release of all then existing original tort-feasors. Had *Wecker* involved a joint tort-feasor rather than an independent and subse-

quent tort-feasor, then the release of the driver would have acted to bar a subsequent action against that joint tort-feasor. The ultimate result of *Wecker* is not therefore, as the Court of Appeals suggests, controlling in the case at bar.

We therefore grant transfer, vacate the opinion of the Court of Appeals and reinstate the judgment of the trial court.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., dissents without opinion.