**HUNTINGTON MUTUAL INSURANCE COMPANY, Appellant (Third-Party Defendant Below),**

v.

**Richard WALKER and Sandra Walker, Appellees (Defendants and Third-Party Plaintiffs Below),**

and

**Stephen O. Wicker and Joann Marie Wicker, Appellees (Plaintiffs Below),**

and

**Robert Walker and Mary Walker, Appellees (Defendants Below).**

No. 1–379A95.

Court of Appeals of Indiana, First District.

Aug. 21, 1979.

Rehearing Denied Sept. 19, 1979.

---

Lloyd H. Milliken, Jr., David T. Kasper, Locke, Reynolds, Boyd & Weisell, Indianapolis, Michael J. Tosick, Ging, Free, Brand, Tosick & VanWinkle, Greenfield, for appellant.

John O. Worth, Clarkson & Worth, Rushville, for appellees.

ROBERTSON, Judge.

This appeal arises out of the granting of a motion for summary judgment by the trial court in a third party action determining that there was coverage under a Huntington Mutual Insurance Co. (Insurer) policy with Richard Walker (Walker) for his potential liability in a negligence suit. We affirm.

The main action is a negligence suit by Stephen O. Wicker (Wicker) and his wife against Richard Walker and his wife. The alleged act of negligence occurred when Walker and Wicker were trimming a tree in a field on the Walker farm. Wicker's complaint alleges that while Wicker was in the tree with a chain saw, Walker was clearing limbs with a tractor. Walker moved a limb with the tractor; the limb slipped and hit Wicker causing him to fall to the ground with resulting serious injury.

Walker informed the Insurer of the potential claim and the Insurer denied liability because of the following exclusion in the farmowner's liability policy:

> g. to bodily injury to *any farm employee* arising out of and in the course of his employment by any Insured; . .

> 5. "farm employee" means an employee of any Insured whose duties are principally in connection with the farming operations of the Insured but does not include a residence employee or any employee while engaged in an Insured's business. [Our emphasis].

On the basis of the depositions of Robert Walker, Richard Walker, Stephen Wicker and testimony of the Walkers, the trial court found that Wicker was not a "farm employee" within the meaning of the policy, and, thus, Wicker was not excluded from coverage under the policy.

■ We first examine the standard of review involved in a summary judgment case such as this. *Union State Bank v. Williams*, (1976) Ind.App., 348 N.E.2d 683, 685, states the law:

> . . . it is well settled that the motion should be sustained only where the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits and testimony reveal that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Moreover, in determining whether a genuine issue of material fact exists, the facts set forth by the opponents' affidavits must be taken as true, and any doubt

must be resolved against the proponent of the motion. [Citations omitted].

The Insurer contends that because the trial court granted summary judgment based upon construction of an insurance contract, the court determined, as a matter of law, that the contract was not ambiguous or uncertain. They cite *Kleen Leen, Inc. v. Mylcraine*, (1977) Ind.App., 369 N.E.2d 638, 640–641, for the proposition that an ambiguous or uncertain contract must be submitted to the jury or fact-finder for interpretation. Since *Kleen Leen* could arguably be interpreted this way, we clarify the point by quoting at length *Wilson v. Kauffman*, (1973) 156 Ind.App. 307, 314–15, 296 N.E.2d 432, 437:

> As a general rule the interpretation, construction or legal effect of a contract is a question to be determined by the court as a matter of law. *U. S. F. & G. v. Baugh*, 146 Ind.App. 583, 257 N.E.2d 699 (1970). However, another equally well accepted rule is that the construction of a contract is for the jury, where the terms of a contract are ambiguous and their meaning if to be determined by extrinsic evidence. *Brumfield v. State ex rel. Wallace*, 206 Ind. 647, 190 N.E. 863 (1934); *Modern Woodmen of America v. Hall*, 190 Ind. 493, 130 N.E. 849 (1921); *Reissner v. Oxley*, 80 Ind. 580 (1881). Where a written contract is unambiguous the trial court should construe it and inform the jury as to its meaning. However, if it is ambiguous the particular ambiguity should be selected and submitted to the jury under proper instructions. *Vulcan Iron Works Co. v. Electro Magnetic Gold Mining Co.*, 54 Ind.App. 28, 99 N.E. 429, reh. den., 54 Ind.App. 28, 100 N.E. 307 (1912). Also, when extraneous facts and circumstances are necessary to explain an ambiguous or uncertain contract the question of construction is one of mixed law and fact. *Mobley v. J. S. Rogers Co.*, 68 Ind.App. 308, 119 N.E. 477 (1918). Strictly speaking the interpretation of the contract is not submitted to the jury insofar as the question is one of construction and a question of law, but, the facts

on which that construction rests must be determined by the jury. *Portland Body Works v. McCullough Motor Supply Co.,* 72 Ind.App. 216, 119 N.E. 180 (1918). *The construction of an ambiguous contract is a question of law where the ambiguity arises by reason of the language used and not because of extrinsic facts. Prather v. Ross,* 17 Ind. 495 (1861). [Our emphasis]. *See also Clyde E. Williams & Ass., Inc. v. Boatman,* (1978) Ind.App., 375 N.E.2d 1138, 1141.

In the case at hand, the material facts of Walker's employment are not in dispute. As the trial court stated, ". . . this employment was on a purely casual and occasional basis." Walker was usually but not always paid. There was no express contract as to terms of payment, hours and the like. Wicker worked only a handful of days a year for the Walkers. He was a long time family friend. No opposing affidavits were submitted by the insurance company. The legal issue before the trial court in the disposition of the summary judgment motion was whether the exclusion "any farm employee" fitted this undisputed factual situation. In our opinion, the ambiguity, if any, that arises from the term in the contract comes from the language of the contract itself, not from extrinsic facts, and, thus, the case is a proper one for disposition by summary judgment.

We next must determine if the term "any farm employee" is uncertain or ambiguous. It is an elementary rule of construction that one should give words their ordinary meaning. *O'Meara v. American States Ins. Co.,* (1971) 148 Ind.App. 563, 268 N.E.2d 109, 112. When interpreting the provisions of an insurance policy, the court cannot extend the coverage delineated by clear and unambiguous language in the insurance contract. *Utica Mutual Ins. Co. v. Ueding,* (1977) Ind.App., 370 N.E.2d 373; *Ely v. State Farm Mutual Automobile Ins. Co.,* (1971) 148 Ind.App. 586, 268 N.E.2d 316. However, it is well-settled that where the language of an insurance contract is so ambiguous as to be susceptible of more than one interpretation, the court will adopt the

construction most favorable to the insured. *Utica, supra; State Farm Fire and Casualty Co. v. Ackerman,* (1972) 151 Ind.App. 464, 280 N.E.2d 332. This is all the more so where the particular provision in dispute purports to create an exclusion from coverage under the general terms of the policy. *Gulf Ins. Co. v. Tilley,* (N.D.Ind.1967) 280 F.Supp. 60, 64, *aff'd,* 393 F.2d 119. A condition or exclusion in an insurance contract, therefore, in order to be effective, must clearly and unmistakingly bring within its scope the particular act or omission that will bring the condition or exclusion into play. *Gulf Ins., supra; Masonic Acc. Ins. Co. v. Jackson,* (1929) 200 Ind. 472, 164 N.E. 628. Coverage will not be excluded or destroyed by an exclusion or condition unless such clarity exists. *Gulf Ins., supra; German Fire Ins. Co. v. Steward,* (1895) 13 Ind.App. 627, 42 N.E. 296.

The standard for determining ambiguity is whether reasonably intelligent men on reading the insurance contract would honestly differ as to its meaning. *O'Meara, supra.* We think, under this standard, that the term is ambiguous. Although as repeatedly pointed out by the Insurer, the term "farm employee" is modified by "any", we think that a reasonably intelligent person could believe that "employee" signifies a *continuing* relationship more stable and regular than presented by the facts here; just, as we readily admit, a reasonably intelligent person could comprehend the phrase to include an isolated, casual or irregular employment. Evidence of the reasonableness of these opposite viewpoints is shown by the ample authority from other jurisdictions cited by both parties here. However, with the above rule of construction weighs against the insurance company in this situation, we are compelled to affirm the summary judgment for the Wickers.

Judgment affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.