Robert F. BELLEW, Stanley B. Sims, Sr., Virginia (Sims) Bellew, Stanley B. Sims, Jr., Kimberly F. Sims and Thea Bellew, Appellants,

v.

Randall Scott BYERS, State of Indiana, Indiana National Guard and Indiana State Highway Commission, Appellees.

No. 1079S298.

Supreme Court of Indiana.

Oct. 30, 1979.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellants.

Glenn E. Davis, Sr., Davis & Davis, Indianapolis, Theodore L. Sendak, Atty. Gen., Robert S. Spear, Asst. Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

GIVAN, Chief Justice.

Appellees have filed a Petition to Transfer this cause after the Court of Appeals reversed the trial court and held that the releases executed in favor of two joint tort-feasors did not release the other joint tort-feasors. For the reasons which follow, we grant transfer and affirm the judgment of the trial court.

On July 25, 1975, Stanley B. Sims, Jr., Kimberly F. Sims and Thea Bellew, all of whom were minors, were riding in a truck travelling east on Road 252 in Morgan County. Appellee Byers was operating an Indiana National Guard truck westward. James O. Nation was driving a truck owned by Thomas O. Nation westward, directly behind the Indiana National Guard vehicle. When Nation attempted to pass the National Guard truck, Nation's vehicle collided with the truck in which the children were riding.

A Minor's Compromise Claim was executed by appellant Virginia Bellew and approved by the Morgan Circuit Court. This compromise was a settlement with the Nations for any liability on their part arising out of the accident. Bellew, as parent and natural guardian, was paid a total of $24,462.14 for the injuries to her three children. In return, she executed a release in favor of the Nations. An action was subsequently brought against Byers, the State of Indiana, the Indiana National Guard and the Indiana State Highway Commission. Upon the defendants' motion for summary judgment, the trial court granted summary judgment for the defendants on the ground that a release of one joint tort-feasor is a release of all.

The Court of Appeals reversed the trial court's determination and remanded the case for trial. The Court relied upon *Wecker v. Kilmer* (1973) 260 Ind. 198, 294 N.E.2d 132, in holding that there were genuine issues of material fact "as to whether the injured parties had in fact received full satisfaction and whether the parties intended the releases to result in complete freedom from further liability for all tort feasors." *Bellew v. Byers* (1978) Ind.App., 382 N.E.2d 1318, 1321. We disagree.

This Court has recently re-affirmed the longstanding rule of law that a release of one joint tort-feasor is a release of all. *Cooper v. Robert Hall Clothes, Inc.* (1979) Ind., 390 N.E.2d 155. The reasons for this rule are obvious. First, it prevents an unfair prejudice against the defendant by precluding the plaintiff from recovering in excess of his injuries by successively obtaining settlements from the various tort-feasors in return for releases. Second, joint tort-fea-

sors "constitute, in a sense, one entity, each of them being jointly and severally liable for injury to the plaintiff." 390 N.E.2d at 157. A release of one joint tort-feasor in effect releases the entire "entity." Accordingly, to release one is to release all of the others.

The language of the releases in the case at bar is quite similar to that of the releases in *Cooper*. The language is broad and all-inclusive, stating that Bellew "does hereby release and forever discharge [the Nations] . . . from any and all claims, demands, damages, actions, or causes of action of every kind or character" arising out of the accident. The documents unquestionably were intended to release the Nations from all liability. Under *Cooper* they must be deemed to have released the remaining joint tort-feasors.

The Court of Appeals reasoned that *Wecker v. Kilmer, supra,* is controlling. *Wecker*, however, is limited to the situation where there are independent and successive tort-feasors. As we said in *Cooper*, "[h]ad *Wecker* involved a joint tort-feasor rather than an independent and subsequent tort-feasor, then the release of [one tort-feasor] would have acted to bar a subsequent action" against another joint tort-feasor. 390 N.E.2d at 158.

Appellant finally argues the trial court erred in not permitting parol evidence to be introduced as to the intent of the plaintiff in executing the releases. It is again argued that *Wecker v. Kilmer, supra,* controls. The *Wecker* rule does not apply for the reasons above-stated. The total and complete release of the Nations was, as a matter of law, a release of the other tort-feasors. The trial court was correct in not permitting parol evidence to explain an intention of the parties contrary to the lawful effect of their release.

For the reasons above-stated, transfer is granted, the opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.