**Bernard Eugene ATWOOD, Appellant (Plaintiff Below),**

v.

**PRAIRIE VILLAGE, INC., an Indiana Corporation; Ralph Berry; Evelyn Berry; Norma Jean Stader; Herschel Stader; Georgia Atwood; Susan Jane Russell, a/k/a Susan Jane Russel; Barbara Atwood; Robert Atwood; and Steven Atwood, Appellees (Defendants Below).**

**No. 1–178A17.**

Court of Appeals of Indiana,
Third District.

March 13, 1980.

Dean H. Neeriemer, Washington, Harvey K. Ramsey, Ramsey & Black, Vincennes, for appellant.

Prairie Village, Inc., Georgia Atwood, Susan Jane Russell, Barbara Atwood, and Steven Atwood, David F. McNamar, Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, David Waller, Fitzpatrick, Chambers & Waller, Washington, for appellees.

HOFFMAN, Judge.

This is an appeal from an action in which plaintiff-appellant Bernard Eugene Atwood, a shareholder of Prairie Village, Inc., sued the corporation, its officers and other shareholders including his wife, Georgia Atwood. In his complaint filed January 2, 1975 he alleged that the various defendants had conspired to deprive him of his lawful share of the corporation's profits. He sought an accounting setting forth all transactions affecting Prairie Village and a judgment against the defendants for an amount found to be due him as a result of such accounting.

During the pendency of this suit plaintiff and his wife, Georgia, were involved in a separate action to dissolve their marriage. On December 12, 1975 the couple entered into a property settlement whereby, inter alia, Bernard unconditionally released Georgia and Prairie Village from any claims relating to the case at bar. This property settlement agreement became part of the dissolution decree.

On June 14, 1977, the defendants in the instant case moved for summary judgment on the grounds that a release of Georgia and Prairie Village was a release of the other defendants as a matter of law. The trial court granted the defendants' motion on August 8, 1977 and this appeal ensued.

Plaintiff raises three issues for review:

(1) whether he was denied a "fair trial" by certain alleged procedural irregularities occurring in the trial court;

(2) whether the trial court erred in assessing the fee of the court-appointed accountants as costs against him; and

(3) whether the trial court erred in granting summary judgment.

Plaintiff contends that he was denied a "fair trial" by certain procedural irregularities occurring in the trial court. It appears that after plaintiff filed his complaint for accounting the trial court on August 12, 1975 ordered the accounting firm of Kemper, Fisher, Faust, Lawrence & Co. to conduct an audit of Prairie Village's books and records. On November 10, 1975 the accountants submitted the audit, its supplemental report and a bill for their services. On November 19, 1975 the trial court filed the audit and the bill but not the supplemental report. Copies of the audit were distributed to the parties.

Plaintiff maintains that he did not find out about the bill until one month after it had been submitted nor was he apprised of the supplemental report until two years later at a hearing contesting the reasonable-

ness of the fee charged for the audit. This he asserts was unfair.

■■ The general test on appellate review with respect to the impact of errors is whether it appears that a right result was reached. *Honey Creek Corp. et al. v. WNC Develp. Co. et al.* (1975), ·165 Ind.App. 141, 331 N.E.2d 452. One who seeks to disturb the judgment of the trial court must affirmatively show an erroneous ruling and resulting prejudice therefrom. A court of review will not indulge contrary presumptions to sustain allegations of error. *Meeker v. Robinson* (1977), Ind.App., 370 N.E.2d 392.

■ The only assertion of prejudice to be found in plaintiff's brief is the following extract:

"Further, had this information been available to the parties, the plaintiff believes that it would have brought about an immediate termination of this litigation by a compromise settlement and payment to him of at least $14,000.00 from the defendant, Georgia Atwood, which sum was obtained from her as a part of the total settlement made with her in the dissolution of marriage case in the Knox Circuit Court, and there would also have been some agreement reached regarding the payment of the fee of the accountants whereby he would not have been required to pay any of said amount or at least not the full amount."

This argument is perplexing since plaintiff admits that he reached a compromise settlement and received $14,000 from Georgia. In no way has he demonstrated injury. Moreover, his suggestion that if he had known about the bill for services earlier the parties would have reached an agreement so that he would not have been obligated to bear the entire cost of the audit is specious and not supported by the record. Plaintiff states that he learned of the bill approximately one month after its submission. Thus, he became aware of it around December 10, 1975. On May 12, 1977 the court made the following order book entry:

"The court now holds hearing and the Court, being duly advised in the premises

so far as possible, now orders the parties to consult with their clients as to settlement of the cause and apportionment or payment of costs in this action heretofore determined or to be determined, within 30 days of this date and each attorney herein is ordered to provide this court with five days upon his calendar at which he can meet with this court for the purpose of further conference and/or pretrial conference."

How discovery of the bill one month earlier would have resulted in settlement is beyond comprehension in light of the fact that the parties eighteen months later still could not agree on apportioning the costs. There was no error here.

Plaintiff next asserts that the trial court erred in assessing the fee of the court-appointed accountants as costs against him. His argument is predicated on two grounds: (1) no statutory authority exists for taxing the fees of specialists as costs; and (2) he is entitled to recover costs upon the issues determined in his favor.

■■ An action to require an accounting is equitable in nature and has for its purpose the striking of a balance between parties in a fiduciary relationship with each other and enforcing payment of the difference, if any, to the party entitled thereto. *State, ex rel. Neese et al. v. Montgomery Circuit Court et al.* (1980), Ind., 399 N.E.2d 375; *Gaines Bros. Co. v. Gaines* (1940) 188 Okl. 300, 108 P.2d 177; *Hays v. Cowles* (1943) 60 Cal.App.2d 514, 141 P.2d 26; Black's Law Dictionary 18 (5th ed. 1979). Except to the extent that they are controlled by statute or rule, the allowance of costs in a suit of equity is within the discretion of the trial court and the exercise of such discretion cannot be interfered with unless it is manifestly abused. *Estrin v. Fromsky* (1942) 53 Cal.App.2d 253, 127 P.2d 603; 20 C.J.S. Costs § 10 (1940).

■ Neither party has cited nor has independent research disclosed any statute governing the assessment of fees for an audit ordered by a court in an accounting action. Therefore, it follows that since this

was a suit in equity it was within the discretion of the trial court to determine how the costs ought to be taxed. In an action for an accounting of the proceeds of a business venture, the expenses of services of an expert accountant necessary for the determination of the case, and appointed by and acting under the direction of the court, is properly charged as an item of costs. *Estrin v. Fromsky, supra.* Consistent with what has been stated herein is the following passage in *Brock v. Rudug* (1918), 69 Ind. App. 190, at 197, 119 N.E. 491, at 493:

> "It thus appears that the mere fact that a party is successful on the merits of the action giving rise to the appointment of a receiver is not conclusive in determining who shall bear the expenses of such receivership. It is generally accepted that, in the absence of a statute, the expenses of a receivership, as between the parties, should be adjudged upon equitable principles. 34 Cyc. 364; *Geer v. Finn,* 196 Mich. 738, 163 N.W. 20. In accord with such rule, the courts exercise large discretion in determining who shall pay the expenses of receiverships, and assess the same against the fund, or against either party, or apportion them, according to the justice and equality of each case. *Espuela, etc., Co. v. Bindle,* 11 Tex.Civ.App. 262, 32 S.W.2d 582; *Mallette v. Fort Worth, etc., Co.,* 21 Tex.Civ.App. 267, 51 S.W. 859; *Kell v. Trenchard,* 146 F. 245, 76 C.C.A. 611; *Hembree v. Dawson,* 18 Or. 474, 23 P. 264; *French v. Gifford, supra,* [(1871), 31 Iowa 428]; *Ballamy v. Washita, supra,* [(1909), 25 Okl. 18, 105 P. 340, 25 L.R.A.(N.S.) 412] note, page 418. In this state there is no statute governing the payment of the expenses of a receivership, and it appears that the general rule of equitable determination ought to prevail. Appellants therefore could not demand that they be relieved from the payment of the expenses of such receivership on the mere fact that they had prevailed on the merits of the main action."

In the case at bar the record reveals that after plaintiff had filed his complaint for accounting and the trial court had ordered the audit, the defendants on September 16, 1975 filed a petition to stay the audit for the reason that the pending dissolution action between plaintiff and Georgia might adjudicate their respective interests in Prairie Village and thus obviate the need for an audit. That same day the trial court overruled the defendants' petition and on November 19, 1975 the court ordered the audit filed. Under these circumstances it cannot be said that the trial court manifestly abused its discretion in taxing the entire cost of the audit to the plaintiff.

■ While it is generally agreed that insofar as costs were unknown at common law and thus may be awarded by a court only when there is statutory authorization to do so, *State v. Holder et al.; Rentchler et al.* (1973), 260 Ind. 336, 295 N.E.2d 799; *Calhoun v. Hammond* (1976), Ind.App., 345 N.E.2d 859, this general rule is of no application here because neither party is seeking to *recover* the costs of the audit. It has been repeatedly held that a party can recover only the costs which he has paid or for which he has become liable in such action. *Brock v. Rudug, supra; Hall v. Kincaid* (1917), 64 Ind.App. 103, 115 N.E. 361; *Armsworth v. Scotten* (1868), 29 Ind. 495. In the present suit neither party hired the accountants. Rather, they were appointed by the court. As soon as they were appointed the accountants were under the sole direction of the trial court. The parties had no authority over them and the expenses which they incurred were not primarily the liabilities of the plaintiff or defendants.

Lastly, plaintiff urges that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether he intended to relieve all the defendants from liability or only Georgia and Prairie Village when he entered into the release contained in the dissolution decree. He also claims there was a factual dispute regarding whether Georgia had breached the terms of the release by failing to assign titles to certain motor vehicles and refusing to deliver silver coins.

■ In *Cooper v. Robert Hall Clothes, Inc.* (1979), Ind., 390 N.E.2d 155, Indiana

re-affirmed the longstanding rule of law that the unqualified release of one joint tort-feasor, absent fraud or mistake, acts to release all joint tort-feasors. *See also: Bellew v. Byers* (1979), Ind., 396 N.E.2d 335. In *Cooper* the releases stated in part:

"'[I] hereby fully and forever release, acquit and discharge the said . . . from any and all actions, claims and demands of whatsoever kind or nature . . .'" [arising out of the accident in question]. 390 N.E.2d at 156.

■ The wording of the release in the instant case is quite similar to that found in *Cooper.* The language is broad and all inclusive, reciting that:

"There is a lawsuit now pending in the Daviess Circuit Court, Cause No. C–75–5, wherein Bernard E. Atwood is plaintiff and Georgia D. Atwood and others are defendants. The parties agree to release each other and Prairie Village, Inc. from any claim under said lawsuit and agree to dismiss said claims in said suit.

\*     \*     \*     \*     \*     \*

"In consideration of the amounts of property transferred herein amongst the parties, both parties hereby release and discharge the other and Prairie Village, Inc. from any and all claims known or unknown, arising either from the marriage or from other dealings."

Unquestionably the release was intended to relieve Georgia and Prairie Village from all liability resulting from the action for accounting. Under *Cooper* they must be deemed to have released the remaining joint tort-feasors as well. Accordingly, the plaintiff's intent was no bar to summary judgment.

■ Nor does the alleged failure of Georgia to perform all the terms of the agreement pose a factual controversy since a partial failure of consideration does not void a release. *Atkins v. Womble* (1957) Tex.Civ.App., 300 S.W.2d 688.

As noted in *Post v. Thomas* (1914) 212 N.Y. 264, 106 N.E. 69, at 72:

"[B]ut a partial failure of the consideration of the release of the kind and character claimed would not defeat the release generally, but the remedy for such a breach of the contract would be in damages for its nonperformance."

In light of the foregoing the trial court properly rendered summary judgment.[1]

Judgment affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.

---

1. Plaintiff also insists that the defendants' motion for summary judgment was not written nor was it served with adequate notice. However, this alleged error was not presented in his motion to correct errors. Consequently, it is waived. *Stevenson v. Stevenson* (1977), Ind. App., 364 N.E.2d 161.