**James L. GRIMM & Mary H. Grimm, Appellants (Defendants Below),**

v.

**F.D. BORKHOLDER CO., INC., d/b/a Borkholder Buildings, Nappanee, Indiana, Appellee (Plaintiff Below).**

No. 4–982A268.

Court of Appeals of Indiana, Fourth District.

Sept. 20, 1983.

Edgar A. Grimm, J. Frank Stewart, Grimm & Grimm P.C., Auburn, for appellants.

Max A. Myers, Fort Wayne, for appellee.

CONOVER, Presiding Judge.

James L. and Mary H. Grimm (Grimms) brought this action against F.D. Borkholder Co., Inc., (Borkholder) alleging breach of

1. We note the parties' briefs fail to include a verbatim statement of the judgment, as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(4) and 8.3(B). This court will waive issues or dismiss appeals when parties commit flagrant violations of the rules of appellate procedure, but will reach the merits where violations are comparatively minor. We

express and implied warranties, negligence and fraud. The trial court entered summary judgment for Borkholder.

We affirm.

ISSUE

A single issue is dispositive of this appeal:

Whether the release executed by the Grimms barred their action as a matter of law.

FACTS

On August 24, 1977, the Grimms entered into a contract with Borkholder for construction of a grain storage building. The contract provided the building would hold 22,044 bushels of shelled corn when filled. The building was to be completed by September 30, 1977, at a cost of $18,900.

The building was not completed until about November 12. Borkholder then agreed to reduce the price if the Grimms would agree not to pursue their judicial remedies for late completion. The Grimms agreed, and executed a release in exchange for the reduction in price. The release stated:

[T]he undersigned does hereby release and forever discharge the said F.D. Borkholder & Co., Inc., from all claims and causes of action the undersigned now has or hereafter may have concerning the contract which is attached hereto . . . .

The Grimms later discovered the building did not hold the amount of grain specified in the contract, and it had structural defects.

DISCUSSION AND DECISION [1]

I. Standard of Review

Under Ind.Rules of Procedure, Trial Rule 56, summary judgment is appropriate only where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Perry*

choose to address the merits in this appeal, *cf., Carmichael v. Silbert,* (1981) Ind.App., 422 N.E.2d 1330, 1332.

We further note appellants' briefs on appeal incorrectly designate their status below. They were "plaintiffs" there, not "defendants." A minor inconvenience for our purposes, but an inconvenience nevertheless.

*v. NIPSCO,* (1982) Ind.App., 433 N.E.2d 44, 46. A fact is material if its resolution is decisive of the action or a relevant secondary issue. *Lee v. Weston,* (1980) Ind.App., 402 N.E.2d 23, 24. A factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629, 631.

Summary judgment may not be used as a substitute for trial to resolve factual disputes. *Clipp v. Weaver,* (1983) Ind., 451 N.E.2d 1092 *citing Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind. App. 244, 311 N.E.2d 640. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *English Coal Co., Inc. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302, 307. The trial court, and this one on appeal, construe all materials and resolve all doubts concerning the existence of a genuine dispute in favor of the nonmoving party. *Moll v. South Central Solar Systems, Inc.,* (1981) Ind.App., 419 N.E.2d 154, 159.[2]

### II. The Release[3]

The Grimms finally argue they only intended to release Borkholder from claims stemming from late completion of the building, such intent is a question for the trier of fact, and thus, summary judgment was inappropriate. Borkholder argues the release was unambiguous, and barred this action as a matter of law.

We agree with Borkholder.

The Grimms rely on *Wecker v. Kilmer,* (1973) 260 Ind. 198, 294 N.E.2d 132. That case, which reached the court as a certified

question from the U.S. Seventh Circuit Court of Appeals, involved a plaintiff whose injuries stemming from an automobile accident were allegedly aggravated during treatment by the defendant, a physician. The physician argued a release to the other driver barred the plaintiff's claim against him.

Justice Hunter, writing for a unanimous court, held parol evidence should be admitted to determine the effect of the release. This determination was to be based on a two part test: (1) whether the injured party had received full satisfaction, and (2) whether the parties *intended* the release to be in full satisfaction of the injured party's claim, thus releasing all successive tortfeasors from liability. *Id.,* 260 Ind. at 203, 294 N.E.2d at 135 (emphasis in original).

However, the court has subsequently limited *Wecker* to cases presenting similar facts. In *Bellew v. Byers,* (1979) 178 Ind. App. 451, 396 N.E.2d 335, the plaintiffs had been injured in a collision involving two other vehicles, one belonging to the Indiana National Guard. The plaintiffs executed a general release to the civilian driver, and then brought an action against the State. The supreme court, in an opinion by Givan, C.J., held the general release executed to the civilian driver barred the claim against the State as a matter of law. Although the plaintiffs argued parol evidence should be introduced to determine their intent in executing the releases, the court held *Wecker* is applicable only in cases where there are independent and successive tortfeasors. *Bellew,* 396 N.E.2d at 337. *Accord, Cooper v. Robert Hall Clothes,* (1979) 271 Ind. 63, 390 N.E.2d 155, 158.

After *Bellew* and *Cooper,* most decisions by this court have construed release agree-

---

2. The Grimms state their first and second issue in terms of the trial court abusing its "discretion" in granting summary judgment. We agree with Borkholder that T.R. 56 does not allow exercise of judicial "discretion". The trial court may only grant summary judgment in cases satisfying the rule's criteria.

3. The Grimms also argue the trial court erred by considering an affidavit supporting the motion for summary judgment submitted by Borkholder the day of hearing. Among other things this affidavit included a text of the release signed by Grimms. We need not address that issue because the release text previously was included in Borkholder's answer as an affirmative defense, and in materials presented by Grimm in opposition to the motion for summary judgment. Thus, the release was properly before the trial court when it considered the motion. Accordingly, any error in admitting Borkholder's affidavit was harmless.

ments as a matter of law. *See, e.g., State v. Totty,* (1981) Ind.App., 423 N.E.2d 637, 640–42; *Moll v. South Central Solar Systems, Inc., supra,* 419 N.E.2d at 159–60; *Kincaid v. Lazar,* (1980) Ind.App., 405 N.E.2d 615, 619–20; *Atwood v. Prairie Village, Inc.,* (1980) Ind.App., 401 N.E.2d 97, 102; *Rose v. Rose,* (1979) 179 Ind.App. 299, 385 N.E.2d 458, 459–60. *Cf., State v. Ingram,* (1980) Ind.App., 399 N.E.2d 808, 811 (loan receipt agreement), *rev'd on other grounds,* (1981) Ind., 427 N.E.2d 444; *Lazarrus v. Employers Mutual Casualty Co.,* (1977) 173 Ind.App. 452, 455, 364 N.E.2d 140, 142.

Judge Garrard's recent opinion in *Indiana Bell Telephone Co., Inc. v. Mygrant,* (1982) Ind.App., 441 N.E.2d 481 (trans. pending) is distinguishable. That case arose from an automobile accident, where the plaintiff executed a general release after receiving compensation for property damage, but only later discovered he had suffered permanent injuries.

The *Mygrant* opinion contrasted the interests involved in personal injury actions with those involved in commercial disputes. Although in commercial disputes the "question of mutual assent is resolved by objective standards according to the manifestation (usually by words) of the parties' intention," *id.,* 441 N.E.2d at 486, the *Mygrant* court believed a more liberal rule applies where the existence of personal injuries may not have been known when the release was executed. The opinion outlined thirteen factors to be considered in determining the validity and extent of a release in such cases. *Id.,* 441 N.E.2d at 486–87. Judge Hoffman dissented, arguing there was no support in the record for the contention the parties intended to release only property damage claims. *Id.,* 441 N.E.2d at 488–89.

This case involves a commercial contract, not latent personal injuries. The release is unambiguous. The Grimms fully released all their claims against Borkholder as a matter of law.

Judgment affirmed.

MILLER and YOUNG, JJ., concur.