David V. TURNPAUGH, Appellant
(Defendant Below),

v.

Richard C. WOLF and Margaret E. Wolf, Appellees (Plaintiffs Below).

No. 4–185A17.

Court of Appeals of Indiana,
Fourth District.

Sept. 11, 1985.

Rehearing Denied Oct. 25, 1985.

---

5. We wish to point out this opinion deals *only* with the question of subject matter jurisdiction, nothing more.

Donald J. Tribbett, Mary Ann Welsh, Hanna, Small, Sabatini, Becker, Tribbett & Welsh, Logansport, for appellant.

John C. Muehlhausen, R. Tod Groff, Miller, Tolbert, Wildman, Muehlhausen & Muehlhausen, P.C., Logansport, for appellees.

CONOVER, Judge.

Appellant-Defendant David V. Turnpaugh (Turnpaugh) appeals the denial of his Ind.Rules of Procedure, Trial Rule 60(B)(7) motion for relief from judgment.

We affirm in part and reverse in part.

ISSUES

The issues, restated, are:

1. Whether the court erred by admitting parol evidence concerning the intent of the parties.

2. Whether the release agreement executed by the parties could be voided for mutual mistake or fraud.

3. Whether the trial court erred in awarding attorney fees to appellees.

FACTS

Richard C. Wolf, Margaret E. (a/k/a Grady) Wolf (together Wolfs), John Rhodes [1] (Rhodes), and Turnpaugh were partners in a partnership known as Logan Center.

Turnpaugh borrowed money from Wolfs and signed a promissory note. Upon non-payment, Wolfs sued Turnpaugh and obtained an agreed judgment in the amount of $10,789.57, which included $9,394 principal, $895.37 interest, and $500 attorney fees.

Later, Rhodes, Turnpaugh and Wolfs entered into a "Retirement Agreement" (Agreement) dissolving the partnership and restructuring it as a partnership of Rhodes and Turnpaugh. The Agreement included a provision releasing and discharging past and present claims and obligations.

Soon after execution of the Agreement Turnpaugh moved for relief from judgment under T.R. 60(B)(7) claiming the judgment was released by the Agreement. Following argument of counsel, the trial court determined the release provisions were ambiguous, then held a hearing at which evidence concerning the intent of the parties was admitted. The court denied Turnpaugh's motion and assessed additional attorney fees of $4,500 against him. He appeals.

DISCUSSION AND DECISION

I. *Ambiguity and Parol Evidence*

Where the terms of a contract are clear the court merely applies its provisions. Unambiguous language is conclusive upon the parties to the contract and the courts. *See, e.g., Scott v. Anderson Newspapers, Inc.* (1985), Ind.App., 477 N.E.2d 553, 559; *McEntire v. Indiana National Bank* (1984), Ind.App., 471 N.E.2d 1216, 1222; *Orkin Exterminating Co. v. Walters* (1984), Ind.App., 466 N.E.2d 55, 60. If the language of the instrument is unambiguous the intent of the parties is determined from its four corners. Parol or extrinsic evidence is inadmissible to expand, vary or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress or undue influence. *See, e.g., Orme v. Estate of Kruwell* (1983), Ind.App., 453 N.E.2d 355, 356; *Orkin Exterminating Co.,* 466 N.E.2d at 60; *Ethyl Corp. v. Forcum-Lan-*

---

1. Rhodes is not a party to this action.

*nom Associates* (1982), Ind.App., 433 N.E.2d 1214, 1217 (*reh. denied*). A contract is ambiguous only if a reasonable person could find its terms susceptible to more than one interpretation. *See, e.g., Scott,* 477 N.E.2d at 559; *Indiana-Kentucky Electric Corp. v. Green* (1985), Ind. App., 476 N.E.2d 141, 145. The release says:

> 5. *Release.* The execution and delivery of this Retirement Agreement and acceptance thereof by the Continuing Partners [Turnpaugh and Rhodes] shall operate as *a full mutual release and discharge of all past* and present *claims and obligations whatsoever* as between the partnership, the Retiring Partners [Wolfs] *and each of them,* and the Continuing Partners *and each of them.* (Emphasis supplied).

Turnpaugh argues the trial court erred in finding an ambiguity in the Retirement Agreement and then permitting parol evidence regarding the intention of the parties concerning the release provision. Wolfs argue the provision is ambiguous because (a) a judgment is not a "claim or obligation"; (b) if inclusion of the judgment had been intended the release would have so stated; and (c) the release operated to release only partnership obligations.

We do not believe the trial court erred in finding the release provision ambiguous. Thus, parol evidence was admissible to explain the ambiguity.

■ Before discussing the ambiguous nature of the release we note a judgment is "an obligation (as a debt) created by a decree of a court ..." Webster's Third New International Dictionary (1976 unabridged) at 1223. We further note, the phrase "all past and present claims" is broad enough to include the judgment. *See, Orme v. Estate of Kruwell,* 453 N.E.2d at 356.

This release provision is ambiguous because a reasonable person could find it is subject to more than one interpretation.

The release clearly operates to release obligations between:

(1) The partnership and the retiring partners [Wolfs],

(2) The partnership and the continuing partners, [Turnpaugh and Rhodes]

(3) the partnership and retiring partners, and

(4) the partnership and each continuing partner.

■ The issue here is whether the release operates as to the obligation i.e., the judgment against Turnpaugh. While such an interpretation may be possible, we need make no further analysis along these lines because, if so, the release would be subject to more than one interpretation. Thus, by definition, it is ambiguous. *E.g., Scott,* 477 N.E.2d at 559; *Indiana Electric Co.,* 476 N.E.2d at 145. Accordingly, the trial court's consideration of parol and extrinsic evidence to determine the intent of the parties was not error. Turnpaugh concedes the parol evidence, if admissible, was sufficient to sustain Wolfs' claim of no intent to release the judgment. (Reply Brief at 8).

■ Further, all ambiguities in a contract are to be strictly construed against the party who prepared the document. *E.g., Osolo School Buildings, Inc. v. Thorleif Larsen & Son of Indiana, Inc.* (1985), Ind.App., 473 N.E.2d 643, 645; *Wabash Ford Truck Sales, Inc. v. Ford Motor Co.* (1984), Ind.App., 472 N.E.2d 611, 614. Turnpaugh's attorney drafted the Agreement (Appellants Brief 4).

## II.

Upon Turnpaugh's motion for relief from judgment Wolfs asserted, in an attempt to avoid the effect of the release, defenses of mutual mistake, fraud and breach of fiduciary duty. Turnpaugh contends the evidence was insufficient to prove these defenses. The trial court did not void the Agreement, it merely decided the Agreement was not intended to release the judgment. Further, all of the argument contained under these headings actually discussed intent. No further discussion of intent is necessary here.

## III. *Attorneys Fees*

The basis upon which the trial court awarded $4,500 additional attorney fees is not clear. Wolfs argue they were entitled

to the fees because (1) Turnpaugh engaged in "obdurate behavior" in pursuing the motion for release from judgment and (2) the promissory note upon which the agreed judgment was based provided for such fees.

[9] Generally, each party to litigation pays his own attorney fees. Attorney fees are not allowable in the absence of a statute or in the absence of some agreement or stipulation authorizing them. *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503, 505.

### 1. *Obdurate Behavior*

■ The obdurate behavior exception to the general rule comes into play only when a party knowingly files a baseless claim or fails to dismiss such claim upon discovery of its baselessness and the trial court determines such filing or failure to dismiss was vexatious and abusive in the extreme and blatant misuse of the judicial process. The obdurate behavior exception to the general rule is designed to reimburse a prevailing party who has been dragged into baseless litigation and thereby subjected to great expense. *Kikkert*, 474 N.E.2d at 505.

■ This case, like *Kikkert*, is a classic legal dispute. Turnpaugh simply attempted to assert the judgment had been released. It was not a baseless claim. It is a function of a court to settle disputes concerning contract provisions. The "obdurate behavior" exception to the general rule provides no support for an award of attorney fees in this case.

### 2. *The Promissory Note*

■ This court has held appellate attorney fees under a promissory note can be awarded. *Parrish v. Terre Haute Savings Bank* (1982), Ind.App., 438 N.E.2d 1, 3 (Conover, J. dissenting). This court, by Judge Miller, concluded the *contractual provision* of the note authorized an award for both trial and appellate[2] fees. *Parrish*, 438 N.E.2d at 3 (emphasis supplied).

Here, however, the attorney fee provision of the note was modified by the entry of an *agreed* judgment which included the specific amount of $500 to be paid as attorney fees. Thus, while the parties may have agreed[3] to pay reasonable attorney fees at the time they entered into the promissory note that agreement was modified by the subsequent agreed judgment. A judgment entered by agreement binds those by whose agreement it is entered. *Fletcher v. Holmes* (1865), 25 Ind. 458, 459.

■ There is no evidence of any further agreement for payment of attorney fees nor is there statutory authorization for same. The trial court erred in awarding attorney fees.

### IV. *Objections to Depositions*

■ Turnpaugh contends the trial court erred in overruling objections to transcripts of depositions of Kim S. Walker and John B. Rhodes. He claims the deposition transcripts and attached exhibits (1) were introduced to inject improper parol evidence, (2) requested irrelevant information, (3) requested an opinion on the ultimate question to be determined by the trial court, and (4) contained questions which were improperly leading. (Appellant's Brief 15–16).

Turnpaugh favors us with neither argument nor citations to authority in support of these contentions, thus waiving any error. *Whisman v. Fawcett*, Ind., 470 N.E.2d 73, 80; *Dotlich v. Dotlich*, (1985), Ind.App., 475 N.E.2d 331, 350; Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Affirmed in part, reversed in part, and remanded for expunction of the award of additional attorney fees.

YOUNG, P.J., and MILLER, J., concur.

---

**2.** The Third District recently limited the award of attorney fees pursuant to note provisions to fees reasonably and factually incurred in vindicating a holder's collection rights by obtaining judgment on the note. *Smith v. Kendall* (1985), Ind.App., 477 N.E.2d 953, 954.

**3.** It does not appear the note was ever formally introduced into evidence.