**Charles E. SMITH, Appellant–Plaintiff,**

**v.**

**Leon HANSEN d/b/a Harvester Bar, Appellee–Defendant.**

**No. 49A04–9104–CV–98.**

Court of Appeals of Indiana, Fourth District.

Dec. 11, 1991.

Steven G. Poore, Indianapolis, for appellant-plaintiff.

Peter G. Tamulonis, Donald L. Dawson, John B. Drummy, Kightlinger & Gray, Indianapolis, for appellee-defendant.

CONOVER, Judge.

Plaintiff–Appellant Charles E. Smith (Smith) appeals the Marion Superior Court, Civil Division, Room No. 1's entry of summary judgment in favor of Defendant–Appellee Leon Hansen d/b/a Harvester Bar in a negligent bartender suit.

This appeal presents the following issues:

1.  whether enactment of the Indiana Comparative Fault Law abrogated the rule that release of one joint tort-feasor releases all, and

2.  whether the release at issue expressly released appellee in this action.

Smith got drunk in Hansen's bar, left, and stepped into the street. He was hit by Ball's automobile and injured.' Smith settled with Ball for $50,000, signed a release for that sum, then sued Hansen d/b/a Harvester Bar for negligently giving Smith liquor when he was obviously drunk.

The release stated, in part

This release is entered into to fully and finally compromise all matters arising out of the above occurrence....

I/We hereby authorize my/our attorney of record to dismiss with prejudice at my/our cost any suit or claim which I/we may have brought or which may have been brought in my/our behalf, arising out of the matters described above....

I/We have read this entire document and understand everything herein contained; and I/We am/are satisfied in every respect to accept said sum of money with full knowledge that in doing so I/we am/are giving up all the rights and claims that I/we have or may have against all persons in consequence of said accident, injuries and damage.

(R. 37–38).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Beckett v. Clinton Prairie School Corp.* (1987), Ind., 504 N.E.2d 552. With respect to an issue upon which the non-moving party will bear the burden of proof at trial, the burden of the moving party on summary judgment may be discharged by pointing out (by reference to the pleadings, affidavits, et cetera) that there is an absence of evidence to support the non-moving party's case. *Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243, 1245–1246. The judgment of the trial court will be affirmed on appeal if sustainable on any basis. *Huffman v. Monroe Cty. Com. School Corp.* (1991), Ind.App., 564 N.E.2d 961, 963.

■ Smith initially argues the judge-made rule that release of one joint tortfeasor releases all was abrogated in Indiana upon passage of the Indiana Comparative Fault Law because it "abolished joint and several liability among joint tortfeasors and required the fact-finder to apportion the plaintiff's entire loss among the parties and non-parties in a case." (Appellant's Brief, p. 9). Smith cites as authority for this statement *Gray v. Chacon,* 684 F.Supp. 1481, 1485 (S.D.Ind.1988). *See also, Huffman, supra* (rule applies as to governmental entities due to their exemption from Comparative Fault Law, Baker, J. dissents), and *Young v. Hoke* (1986), Ind.App., 493 N.E.2d 1279, *trans. denied* (unqualified release of one joint tort-feasor, absent fraud or mistake, acts to release all joint tort-feasors, Staton J. concurs in result, Garrard, J. dissents). While "Hansen accepts *Chacon* as the appropriate rule of law to be applied in this case, and does not contend that the mere release of Ball by operation of law released Hansen," (Appellee's Brief, p. 11) we cannot and do not.

Even though it pre-dates enactment of Indiana's Comparative Fault Law, our supreme court's most recent pronouncement on this subject unanimously reaffirmed the long-standing rule in Indiana that absent fraud or mistake, a release of one joint tort-feasor is a release of all; and, language in a release exempting certain joint tort-feasors from its operation is void. *Bellew v. Byers* (1979), 272 Ind. 37, 396 N.E.2d 335, 336; *Cooper v. Robert Hall Clothes, Inc.* (1979), 271 Ind. 63, 390 N.E.2d 155, 157. In *Cooper,* a four to one decision, our supreme court specifically rejected this court's suggestion the old rule should be abolished and § 885(1) of the Restatement (Second) of Torts specifically be adopted.

It is true this rule is much-maligned. *See, Chacon,* and *Young* and *Huffman* dissents. However, such observers and critical text writers argue primarily passage of the Comparative Fault Act effectively destroyed the supreme court's concept of "joint tort-feasors" as being a group of individual defendants whose individual acts of negligence combined to produce plaintiff's injuries and damage. This is so, they argue, because fact finders under it are to determine each defendant's percentage of fault at trial. However, our supreme court's "joint tort-feasors" rationale was merely the second reason the supreme court gave for continuing the rule's viability in *Bellew.* The first reason was

[I]t prevents an unfair prejudice against the defendant by precluding the plaintiff from recovering in excess of his injuries by successively obtaining settlements from the various tort-feasors in return for releases.

*Bellew,* 396 N.E.2d at 336.

That case, and its myriad predecessors, took a practical approach to this problem. The rule in question places the burden on the plaintiff to determine the monetary value of his damages and settle the case at that figure at his peril, if he deems settlement prior to trial his best course of action. Given the arguments for abolishing the rule, it also can be reasonably asserted in rebuttal, the *Chacon* rule grants plaintiffs a license to hunt for windfalls from other defendants if plaintiff's settlement with one defendant fully compensates him for his damages. That undesirable result was the first reason our supreme court stated in *Bellew* for keeping the rule intact. Whether passage of the Comparative Fault Act has abolished the rule is a question for our supreme court to answer, not this one. *cf. Cooper, supra.* Because *Bellew* and *Cooper* still unequivocally state the law on this subject, their teachings are reason enough to sustain the trial court here.

■ Even if that rule has been abrogated as Smith contends, Hansen would still prevail here. Release agreements are contracts, and "like contracts generally, are interpreted as a matter of law [for the courts], absent some ambiguity." *Lechner v. Reutepohler* (1989), Ind.App., 545 N.E.2d 1144, 1147; *Huntington Mutual Ins. Co. v. Walker* (1979), 181 Ind.App. 618, 392 N.E.2d 1182, 1184. In *Turnpaugh v. Wolf* (1985), Ind.App., 482 N.E.2d 506, the court stated

If the language of the instrument is unambiguous the intent of the parties is determined from its four corners ... A contract is ambiguous only if a reasonable person could find its terms susceptible to more than one interpretation.

*Turnpaugh, Id.* at 508.

The release's terms here are plain and unambiguous as to who the parties intended to release. It provides

> This release is entered into *to fully and finally compromise all matter arising out of the above occurrence....*
>
> I/We have read this entire document and understand everything herein contained; and I/We am/are satisfied in every respect to accept said sum of money with full knowledge that in doing so I/We am/are *giving up all the rights and claims that I/we have or may have against all persons in consequence of said accident, injuries and damage.* (Emphasis supplied)

(R. 37–38). The language which releases "all persons" is clear and unambiguous, and included Hansen d/b/a Harvester Bar, a person against whom Smith was asserting a claim "in consequence of said accident."

Affirmed.

RUCKER, J., concurs in result.

CHEZEM, J., concurs in result with separate opinion.

CHEZEM, Judge, concurring in result.

I concur in result. The language of the release executed by Smith was clear. It expressly provided that Smith was "giving up all rights ... against all persons in consequence of said accident, injuries and damage." For this reason I concur in result.